**BEAN v. POLK, District Clerk.  (No. 1161.)**

(Court of Civil Appeals of Texas. El Paso. Jan. 13, 1921.)

1. **Appeal and error** ⊜�net467, 470—**Supersedeas bond complying in form and substance with the statute sufficient.**

Supersedeas bond complying in form and substance with Vernon's Sayles' Ann. Civ. St. 1914, art. 2101, was sufficient to give the Court of Appeals jurisdiction, and should have been approved by the clerk of the district court if the sureties were sufficient; the clerk having nothing to say about the form or substance.

2. **Mandamus** ⊜⟍168(2)—**Burden held on relator in mandamus to require approval of supersedeas bond.**

In mandamus to compel clerk of district court to approve supersedeas bond, the burden is on relator to show that the sureties are sufficient.

3. **Mandamus** ⊜⟍57(2) — **District clerk not compelled by mandamus to approve supersedeas bond.**

The district clerk, being clothed with discretion in passing upon the financial worth of the sureties upon a supersedeas bond and in entering his approval thereon, will not be required by writ of mandamus to approve the bond unless the relator shows that the clerk had arbitrarily and without exercising discretion refused to approve the bond.

Original application for writ of mandamus by A. S. Bean against A. E. Polk, District Clerk of Hudspeth County, Tex. Refused.

John L. Dodson, of Van Horn, for petitioner.

Moore & Smith, of El Paso, for respondent.

---

HARPER, C. J. This is an original application for writ of mandamus to require the clerk of the district court of Hudspeth county to approve and file a supersedeas bond tendered by relator in cause No. 110, which he seeks to bring to this court upon appeal.

[1] The bond is sufficient in form and substance to comply with the provisions of the statute (article 2101, V. S.), and therefore in these respects sufficient to give this court jurisdiction, and it should have been approved by the clerk if the sureties were sufficient. The clerk has nothing to say about the form or substance of the bond.

[2, 3] The burden is upon relator to show that the sureties are sufficient. Kruegel v. Murphy &. Bolanz, 59 Tex. Civ. App. 482, 126 S. W. 680. He charges under oath that the clerk had stated that the sureties were good for the amount for which the bond had been drawn, also alleges that they were in fact worth many times the amount, but in a reply, under oath, these allegations are denied, so the burden has not been met in this respect. The clerk being clothed with discretion in passing upon the financial worth of sureties upon such bond and entering his approval thereon, he will not be required by writ of mandamus to approve unless the relator shows that he has arbitrarily and without exercising discretion refused to approve the bond (Gouhenour v. Anderson, 35 Tex. Civ. App. 569, 81 S. W. 104), and relator has not met the burden of proof in this respect.

Refused.