**GROVES v. WESTERN REALTY CO.**

No. 12041.

Court of Civil Appeals of Texas. Dallas. June 17, 1935.

White & Yarborough, of Dallas, for appellant.

Massingill & Belew, of Fort Worth, for appellee.

## PER CURIAM.

Judgment below was in favor of the Western Realty Company against J. T. Groves and wife, Catherine Groves, for recovery of a lot in the city of Dallas, and a personal judgment against J. T. Groves for the sum of $1,520, from which the latter alone appealed, and purportedly superseded.

Appellee contends: (1) That the bond is insufficient to supersede the judgment for debt, because it is not payable to appellee in a sum at least double the amount of the judgment, interest, and costs; (2) because the bond is not conditioned that, in case the judgment for recovery of land is affirmed, appellant shall pay appellee the value of the rent or hire of the property; and (3) because the bond is insufficient, either as a cost or supersedeas bond, in that the sureties thereon are not solvent.

Considered in the order named, the first objection is sustained, as the bond is not payable in a sum at least double the amount of the judgment, interest, and costs, as required by article 2270, R. S. The second objection is also sustained, as the bond is wholly lacking in conditions required to supersede a judgment for recovery of land, as required by article 2271, R. S. The objection that the bond is insufficient, either as a cost or supersedeas bond, is overruled, as, in our opinion, the evidence offered on this issue is not sufficient to overcome the proof afforded by the affidavits of the sureties, attached to the bond.

The judgment being both for recovery of land and debt, if superseded in its entirety, the conditions of the bond should be as prescribed in both articles 2270 and 2271, R. S.

As provided by statute, appellant is given 20 days after date of this order within which to file a good and sufficient supersedeas bond, conditioned as required by statute, to be approved by the clerk of this court.