348; Id., 75 Tex.Cr.R. 22, 169 S.W. 899; Wilson v. State, 80 Tex.Cr.R. 266, 189 S.W. 1071; State v. Patterson, 116 Mo. 505, 22 S.W. 696; Roberson v. State, 51 Tex.Cr.R. 335, 101 S.W. 800; Ricks v. State, 48 Tex. Cr.R. 229, 87 S.W. 345; Vol. 12, Tex.Jur., § 245, p. 565; Vol. 31, C.J., § 263, p. 792.

An examination of the various cases from our own court above referred to will reveal that the language is not uniform regarding the effect of abandoning a certain count in an indictment. In some of the cases it is referred to as an "acquittal" of the transaction alleged in the abandoned counts. In others, it is said that "jeopardy having attached" upon the abandoned counts accused cannot again be put upon trial for the matters alleged in such abandoned counts. In still other cases, referring to abandoned counts, it is said that the "matters charged in such count pass out of the case and that the State can not upon a subsequent trial rely upon the transaction charged in such abandoned counts." It is not necessary here to discuss whether it is proper to say that the effect of abandoning a count is to acquit an accused of the matters therein charged, or whether it should be said that he cannot again be put in jeopardy for a thing charged in an abandoned count, or whether it is simply sufficient to say that the matters charged in said abandoned count passed out of the case. It all amounts to the same thing in legal contemplation. Under the record and former holdings, we have no option but to reverse the present judgment. If appellant held no office save as trustee of the Daniel Baker College, or as chairman of the finance committee of said College—and it is plainly recited in the bill that he did not hold any other office—it is clear that he could not be again placed upon trial for embezzlement claimed to have occurred while acting in such official capacity as is alleged in the abandoned second and third counts of the indictment.

We think it not inappropriate to say that it has seldom been our good fortune to examine a record in which the pleas of former jeopardy and former acquittal have been so clearly and completely drawn, and in which the bills of exception bringing forward complaint at the action of the court in regard to such pleas have been so carefully prepared.

It would appear that if appellant is to be tried again upon the first count of the indictment wherein it is alleged that he, as an "officer" of Daniel Baker College, embezzled funds which had come into his hands by virtue of said office, it must be as some officer other than a trustee or chairman of the finance committee.

Under the disposition of the case which we find it necessary to make, we do not feel called upon to discuss other bills of exception in the record.

The judgment is reversed and the cause remanded.

**FERRELL v. ALEXANDER, District Clerk, et al.**

**No. 13528.**

Court of Civil Appeals of Texas. Fort Worth.

July 3, 1936.

Slay & Simon, of Fort Worth, for relator.

Arthur Lee Moore, of Fort Worth, for respondents.

DUNKLIN, Chief Justice.

R. R. Ferrell has presented to this court his petition for a writ of mandamus to compel W. E. Alexander, clerk of the district court of Tarrant county, to approve and file relator's supersedeas appeal bond from a judgment of the district court ordering the sale by the receiver of certain properties of the Ertel Oil Properties, Inc., which were being administered by the court, and the further order confirming the sale of the same properties already made by the receiver. Relator, who was an intervener in that suit, excepted to that ruling and gave notice of appeal to this court. That judgment was rendered May 13, 1936. Thereafter, and on June 8, 1936, the court fixed $17,500 as the amount of the supersedeas bond to be filed by the appellant, relator here.

On June 12, 1936, which was the last day for filing an appeal bond, appellant tendered to Alexander, the district clerk, for approval and filing, his appeal bond. The bond was in the sum stipulated in the order of court, and was executed by relator, R. R. Ferrell, as principal, and W. T. Jacobs and W. W. Barber as sureties.

Attached to the bond were affidavits of the sureties. In the affidavit of W. W. Barber it was stated that he owned certain lands situated in Schleicher, Andrews, and Gaines counties, all free of incumbrance, the values of which were itemized, all aggregating a sum in excess of the amount of the bond. The affidavit of W. T. Jacobs purports a showing of ownership by him of real estate in the city of Big Spring and land in Howard county adjoining his city property, all of an aggregate market value in excess of $20,000 and all free of encumbrance, and his ownership of a homestead in Van Zandt county. Both affidavits were dated June 12, 1936.

The petition for mandamus was presented to this court on June 12, 1936, and leave given to file same on that date, and hearing of same was set for June 26, 1936. Respondent was cited to appear at such hearing and show cause why the writ of mandamus prayed for should not issue. W. E. Alexander, district clerk, and H. T. Dean, receiver of the Ertel Oil Properties, Inc., were both made respondents to the petition for the writ, which was duly verified by relator, R. R. Ferrell.

It was alleged in the petition that the bond with affidavits of the sureties attached was tendered to the district clerk, Alexander, at approximately 11:45 a. m. on June 12, 1936, and that the two sureties thereon are the owners of real property located in the state of Texas, having a reasonable cash market value in excess of the principal amount of the supersedeas bond, to-wit, $17,500 and further:

"Said respondent, W. E. Alexander, at the time of tendering the bond, refused to approve same. Said Respondent, W. E. Alexander did not disapprove the bond for insufficiency. He did not state that the sureties on the bond were unreliable and were known to him to be insufficient. Respondent, W. E. Alexander, said that he did not know about the sureties, and that he therefore would not take action on the bond. It was suggested to Respondent, W. E. Alexander, that a phone call could be placed, either to the County Clerk of the County wherein the properties of the sureties were located, or to some abstract company in said counties, and the matter of titles to said lands as described in the affidavits could be checked. Said Respondent, W. E. Alexander, refused to do anything about checking the sufficiency of the bond or the correctness of the affidavits; refused to make any investigation on his own behalf as to the sufficiency of the sureties, or as to the truthfulness of the affidavits which said sureties had made and attached to said bond. Said respondent, W. E. Alexander, in plain and simple language, refused to approve the bond without giving any reason for his action other than he did not know whether it was sufficient or not, and didn't have time to find out.

"About a half hour after this conversation at the court house, at which time the bond was tendered as recited hereinabove, petitioner's attorney, Richard Simon, phoned the office of respondent W. E. Alexander and talked to D. T. Swint, chief clerk, and over the telephone stated to the said D. T. Swint that W. W. Barber, one of the sureties on the bond, who resides at Fort Worth, Tarrant County, Texas, had at his home in Fort Worth, an abstract of title to the Schleicher County land described in the said Barber's affidavit. Said Simon

also stated to the said Swint over the telephone that W. W. Barber had in his possession in the City of Fort Worth, Texas, receipts not only as to the Schleicher County land, but as to the other lands described in the affidavit. Simon stated to the said Swint over the telephone that said abstract to the Schleicher County land and all of said tax receipts were available to the District Clerk's office, and that said abstract and said tax receipts would be furnished to the said Alexander, the said Swint, or to any deputy, or attorney whom they might designate for examination. Simon requested over the telephone that he be advised if W. E. Alexander, or any one else in the clerk's office, desired to use said abstract or said tax receipts. Nothing further was heard from the respondent Alexander."

Following those allegations, it was alleged that Alexander's refusal to approve and file the bond was arbitrary, without just cause, and an abuse of any discretion vested in him by law in passing on the sufficiency of such a bond.

However, neither in the affidavits of the two sureties nor in the petition filed here is there any statement as to whether or not either of the sureties had any outstanding liabilities; in other words, no showing that the real estate listed by each of the sureties was worth the amount of the bond over and above all his liabilities, which is the legal test of sufficiency, for it is a matter of common knowledge that a person may own much unencumbered real estate and yet be insolvent.

Respondent filed a verified answer to the application for mandamus denying that he had acted arbitrarily or capriciously in refusing to approve the supersedeas bond tendered to him by relator, and alleging as his reason for such refusal a lack of knowledge of the values of the property listed in affidavits of the sureties or of the title thereto and a lack of time and opportunity to investigate the same; also lack of showing in the affidavits as to whether or not there were outstanding debts and liabilities against the sureties and whether the property listed by them was of value sufficient to pay the amount of the bond over and above their debts and liabilities. Attached to the answer was also a showing that there is now an outstanding judgment against the surety W. T. Jacobs for approximately $1,000, and a judgment for $5,000 on a forfeited criminal appearance bond; also an instrument in writing signed by the surety W. T. Jacobs giving notice of his withdrawal as surety from the supersedeas bond that had been tendered by relator. That notice of withdrawal was verified by W. T. Jacobs, of date June 24, 1936.

On June 26, 1936, relator filed in this court a supplemental affidavit of W. W. Barber, one of the sureties on the bond, showing his liabilities of that date to be $14,000, and assets valued at $92,240, but there is no allegation that the affidavit was ever brought to the attention of the district clerk.

■ "Mandamus will not issue to compel a public officer to perform an official act unless the relator shows a clear legal right to its performance at the hands of the respondent. The writ will not issue if the right is doubtful, or contingent upon further acts of the relator or others, nor will it be awarded if there is any substantial defect in the proof of the plaintiff's right, regardless of the willingness that may be manifested by the officer. This is particularly the case where the interests of a third person are involved." 28 Tex.Jur. § 11, p. 533.

■ By article 2270, Rev.Civ.Statutes, the district clerk is vested with discretion of judicial character to determine the sufficiency of a supersedeas bond, and, in the absence of a showing of abuse of that discretion, his action in refusing to approve it cannot be disturbed by this court.

There is no showing in this proceeding that the surety W. W. Barber is still willing to be bound by the obligations of the supersedeas appeal bond tendered to respondent since the withdrawal therefrom of the other surety, W. T. Jacobs, nor that the district clerk has ever been called on to approve the bond with Barber as the only surety thereon.

■ We conclude that relator has failed to discharge his burden of showing that the refusal by respondent W. E. Alexander to accept and approve the supersedeas bond tendered to him by relator was an abuse of the discretion vested in him by article 2270 to determine the sufficiency of the bond; and therefore the petition for the writ of mandamus is refused.