**ENGLISH v. TREACCAR, District Clerk, et al.**

No. 11310.

Court of Civil Appeals of Texas. Galveston.

July 24, 1941.

Will R. Saunders, of Dallas, for relator.

Lewis & Knipp, of Houston, for respondent Norfleet Hill, Sheriff.

Thornton, Markwell & Stubbs, of Galveston, for other respondents.

MONTEITH, Chief Justice.

This is an original proceeding in mandamus brought by J. M. English, doing business as J. M. English Truck Lines, relator, against H. H. Treaccar, personally and in his capacity as District Clerk of Galveston County, Texas, Norfleet Hill, personally and in his capacity as Sheriff Of Harris County, Texas, and Charles E. Whitacre, respondents. Relator seeks a writ of mandamus, ordering respondent Treaccar, as District Clerk, to approve a certain supersedeas bond in the sum of $42,000, payable to respondent Charles E. Whitacre. The bond in question is signed by relator J. M. English, d. b. a., J. M. English Truck Lines, as principal, and by Metropolitan Lloyds of Texas, as surety. The bond was rejected by respondent H. H. Treaccar, as District Clerk, for the alleged reason that the solvency or insolvency of Lloyd's of London, who have reinsured $35,500 of the face amount of said bond, is unknown, and that the said Lloyd's of London has no license to do business in Texas.

Respondent Charles E. Whitacre recovered a judgment in the District Court of Galveston County, Texas, against relator J. M. English d. b. a., J. M. English Truck Lines in Cause No. 57,615 on the docket of said court, for the sum of $20,220.

Following the rendition of this judgment, relator as defendant in said suit, within the time required by law, had duly perfected his appeal and had filed a bond for costs on appeal.

On the ——— day of June, 1941, respondent Charles E. Whitacre, caused a writ of execution to be issued by the respondent H. H. Treaccar, as District Clerk of Galveston County, directed to respond-

ent Norfleet Hill, Sheriff of Harris County, directing him to levy upon a sufficient amount of relator's property to satisfy said judgment. Said writ of execution was placed in the hands of respondent Hill, as such Sheriff, for execution. Before said writ of execution was levied, relator tendered to Respondent, H. H. Treaccar, as such District Clerk, the supersedeas bond above referred to. Respondent H. H. Treaccar refused to approve said supersedeas bond or to issue writ of supersedeas thereon. The supersedeas bond in question is worded and conditioned as required by law. It is signed by relator, as principal, and by Metropolitan Lloyd's of Texas, as surety. Said supersedeas bond was in a sum more than double the amount of such judgment, and since Metropolitan Lloyd's of Texas had no legal right to write a single bond in excess of the sum of $6,-500, it reinsured the excess of said bond over and above that amount, the sum of $35,500 with Lloyd's of London, a foreign concern, which is acceptable to the Board of Insurance Commissioners of the State of Texas, but which has no license to do business in the State of Texas.

Upon the filing of relator's petition herein for mandamus, and for the purpose of preserving the status quo of said action, this court issued an order to respondents to show cause why this mandamus should not be issued as prayed for. All respondents in due time filed answer to the petition of relators.

Respondent Treaccar alleged as his reason for refusing to approve said bond as tendered: That Article 2270, R.C.S., vests in him, as district clerk, the duty and discretion of passing on the sufficiency of supersedeas bond; that the burden was on the relator to show the sufficiency of the sureties on the bond under Article 5020, R.C.S., Vernon's Ann.Civ.St. art. 5020; that the Metropolitan Lloyd's of Texas has no legal right to write a bond in excess of the sum of $6,500; that Lloyd's of London cannot be considered as a surety on said supersedeas bond since it has no license to do business in Texas, and its solvency or insolvency is unknown to respondent; that Metropolitan Lloyd's of Texas is not an insurance corporation or surety company, doing business under Chapter 16, Title 78, Articles 4969–4986, R.C.S.1925, but is a Lloyd's plan doing business under Chapter 19, Title 78, Articles 5013–5023a, R.C.S. 1925, Vernon's Ann.Civ.St. arts. 5013–5023a, and that, therefore, Article 4970 does not apply, and Article 5020 does apply to limit its authority.

With the exception of the exhibits attached to relator's petition there was no showing of any character to respondent Treaccar as to the extent of the responsibility of Lloyd's of London as a reinsurer of a surety on a supersedeas bond, outside of the following photostatic copy of a letter from the Board of Insurance Commissioners of the State of Texas:

"State of Texas
"Board of Insurance Commissioners
"Life Division
"Austin
"July 18, 1941.
"Mr. B. H. Atchison, Attorney-in-Fact
"Metropolitan Lloyds of Texas
"Dallas, Texas.
"Dear Sir:

"You are advised that Lloyds London is acceptable to the Board of Insurance Commissioners for reinsurance of excess lines of your Lloyds, as is prescribed by Article 5022c, Chapter 19, Title 78, Revised Civil Statutes of Texas of 1925.

"We do not permit any deduction for reserve computation purposes of premiums ceded to Lloyds London because this latter organization does not maintain equivalent reserves.

"Very truly yours,
"(Signed) Geo. Van Fleet, Actuary
Board of Insurance Commissioners."
"GVF:ms

Relator has attached to his petition the following papers: (1) Amended supersedeas bond executed by relator as principal and Metropolitan Lloyd's of Texas as surety and payable to respondent Whitacre in the sum of $42,000, on which respondent Treaccar has made the following notation: "I hereby disapprove the foregoing bond, as the same does not meet statutory requirements." (2) Certificate of the Board of Insurance Commissioners of the State of Texas, authorizing the Metropolitan Lloyd's of Texas to write fidelity and surety bonds. (3) Power of attorney for Warren P. Castle to execute such bonds. (4) Certified copy of certificate of reinsurance in the sum of $35,500 by Lloyd's of London. (5) Letter from the Board of Insurance Commissioners, stating that reinsurance in Lloyd's of London is acceptable to the Board of Insurance Commissioners of Texas. (6) Affidavit of Warren P. Castle, deputy attorney in fact,

of Metropolitan Lloyd's of Texas that reinsurance to the extent of $35,500 had been effected with Lloyds of London.

Article 5022c, Vernon's Ann.Civ.St. provides: "The provisions of this Act [with reference to Lloyd's plan insurance] relative to foreign Lloyd's shall not prevent any Texas Lloyd's from reinsuring its excess lines with a solvent foreign Lloyd's, acceptable to the Board of Insurance Commissioners, which has no license to do business in Texas [nor] from reinsuring any business from such foreign Lloyd's." It is contended by Relator that, under said Article 5022c, Metropolitan Lloyd's of Texas had the right to reinsure the excess of $6,-500 with Lloyd's of London, even though Lloyd's of London was and is without a permit to do business in Texas, and that respondent Treaccar had no discretion in the matter of approving the tendered bond since the law has made its approval obligatory upon him and that all that is left for him to do is to perform the ministerial duty of filing the bond. This contention cannot be sustained.

■ A district clerk is not vested with the discretion of disapproving a supersedeas bond on account of its form or substance or with the right to refuse to perform any other ministerial duty connected with his office and a mandamus will issue to enforce the performance thereof, however, it is the settled law that a mandamus will not issue to compel a public officer to perform an official act unless the relator shows a clear legal right to its performance at the hands of respondent. The writ will not issue if the right is doubtful, or contingent upon further acts of the relator or others, nor will it be awarded if there is any substantial defect in the proof of the plaintiff's right, regardless of the willingness that may be manifested by the officer. This is particularly the case where the interests of a third person are involved. 28 Tex.Jur., Sec. 11, page 533.

■ Under Art. 2270, R.C.S.1925, a district clerk is vested with discretion of judicial character in passing upon the financial worth of sureties upon a supersedeas bond and entering his approval thereon and, in the absence of a showing that he has arbitrarily and without exercising discretion, refused to approve the bond, his action in refusing to approve it cannot be disturbed by a writ of mandamus. Ferrell v. Alexander, District Clerk, et al., Tex.Civ.App.,

96 S.W.2d 88; Bean v. Polk, District Clerk, Tex.Civ.App., 226 S.W. 1106.

■ While said Article 5022c provides that a Texas Lloyd's may re-insure its excess lines with a solvent foreign Lloyd's acceptable to the Board of Insurance Commissioners which has no license to do business in Texas, there is nothing in the subject matter of the act which would justify the presumption that the legislature intended to thereby take away from a district clerk the discretion of determining the sufficiency of a supersedeas bond, part of which has been re-insured by a foreign Lloyd's in the absence of a showing as to the solvency of said re-insurer or as to the amount of its responsibility or other facts from which he may determine the financial worth of the re-insurer in entering his approval of said bond.

We conclude from above facts that relator has failed to discharge his burden of showing that the refusal of respondent Treaccar to accept and approve the supersedeas bond tendered by relator was arbitrary or an abuse of the discretion vested in him under said Article 2270.

The petition for the writ of mandamus is refused.

Refused.