**Richard RUIZ, Relator**

v.

**Marjorie WATKINS, District Clerk, Respondent.**

**No. 07–85–0310–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 19, 1985.

Mark W. Laney, Plainview, for relator.

Aubrey J. Fouts, Carr, Evans, Fouts & Hunt, Lubbock, for respondent.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

In this original proceeding, leave was granted relator Richard Ruiz to file his petition for writ of mandamus directed to respondent Marjorie Watkins, District Clerk of Parmer County. Relator seeks the writ to compel respondent to approve the supersedeas bond he filed with her as the clerk of the trial court to suspend execution on a judgment rendered against him and from which he has perfected an appeal. For the reasons to be stated, the writ will be conditionally granted.

On 25 April 1985, judgment was rendered in cause no. 5531 on the docket of the 287th Judicial District Court of Parmer County decreeing that relator, d/b/a Ruiz Produce Company, is liable to L.M. Smith in the principal sum of $40,269.69 for damages, prejudgment interest and attorney's fees, together with interest thereon at the rate of 10% per annum until paid, and the additional amounts of $1,500 and $750 for attorney's fees in the event an appeal is taken to this Court and to the Supreme Court. Relator perfected an appeal from the judgment, which is pending in this Court under cause no. 07–85–0220–CV, thereby invoking this Court's plenary and complete jurisdiction over the entire controversy. *Ammex Warehouse Company v. Archer*, 381 S.W.2d 478, 482 (Tex.1964).

On 23 July 1985, relator filed with respondent a supersedeas bond in the sum of $45,946.69 to suspend execution of the judgment pending the determination of his appeal. The bond, made payable to L.M. Smith in the sum of $45,946.69 and conditioned as required by law, was executed by relator, as principal, and by Robert Ruiz, Sr. and Alejandro Moreno, Jr., as sureties. Submitted with the bond was the certificate of the sheriff of Hidalgo County, executed by his deputy, certifying that, in his opinion, the signatories of the bond have good and ample security for the amount specified in the bond, that they have property in

Hidalgo County subject to execution of a larger amount, and that if the bond was offered to him for approval, it would be accepted and approved.

Subsequently, there was presented to respondent the 31 October 1985 certificate of the district clerk of Hidalgo County, and the 31 October 1985 affidavit of Robert Ruiz, Sr. with his balance sheet prepared by a certified public accountant from the books without an audit. By her certificate, the district clerk certified that relator and Robert Ruiz have, in her opinion, good and ample security for a bond in the amount of $45,946.69, that they have property in Hidalgo County subject to execution of a larger amount, and that if the supersedeas bond was offered to her for approval, the same would be accepted and approved.

By his affidavit, Robert Ruiz, Sr. swore that he owns property within this State, over and above that exempt by law, sufficient to qualify as a surety required by law, that the amount of his assets reachable by creditors is of a value over and above the amount of the bond presented in this case, and that the total worth of his assets and the amount of his liabilities is, to the best of his knowledge and belief, correctly set out in the attached balance sheet. The balance sheet reflects the affiant's total assets to be $712,263.71, his liabilities to be $23,982.92, and a net worth of $688,280.79. The assets include cash of $300, certificates of deposits of $64,657.71, and interest due within one year of $2,200, a total of $68,213.71, and shares of stock in Robert Ruiz, Inc. valued at $536,700.

By her 8 November 1985 letter, respondent, expressing her consideration of the supersedeas bond and the supporting instruments, as well as her "opinion that the supersedeas bond is not a good and sufficient bond and should not be approved," declined to approve the bond, stating that her "reasons for this action include the following," to-wit:

1. The tendered financial statements do not include sufficient verification for my determination that the sureties are good and sufficient for supersedeas bond purposes;

2. The principal asset of the only individual surety supporting his financial position by affidavit, Robert Ruiz, Sr., is his investment in Robert Ruiz, Inc., and there is no information from which I can determine the true value of this asset;

3. The assets of the sureties appear to be intangible or else are in the form of cash assets which are not committed in such a way as to be assured of availability in the event the Judgment of the Trial Court should be affirmed.

The declination prompted this original proceeding.

Rule 364(a) of the Texas Rules of Civil Procedure provides, as material to this cause, that:

Unless otherwise provided by law or these rules, an appellant may suspend the execution of the judgment by filing a good and sufficient bond to be approved by the clerk ... payable to the appellee in the amount provided below, conditioned that appellant shall prosecute his appeal ... with effect and, in case the judgment of the Supreme Court or Court of Appeals shall be against him, he shall perform its judgment ... and pay all such damages as said court may award against him.

And the following subdivision of the rule further provides that:

When the judgment awards recovery of a sum of money, the amount of the bond ... shall be at least the amount of the judgment, interest, and costs.

Tex.R.Civ.Pro. 364(b).

■ These rule provisions are a continuation of the previously existing statutory right to suspend the execution of a judgment. *Magnolia Petroleum Co. v. McClendon*, 123 Tex. 10, 65 S.W.2d 484 (1933). Historically, the statutory antecedent of the rule has been interpreted as vesting in the court clerk the discretion of judicial character in passing on the sufficiency of a supersedeas bond, *Ferrell v. Alexander*, 96 S.W.2d 88, 90 (Tex.Civ.App. —Fort Worth 1936, no writ), which includes

passing on the financial worth of the sureties. *English v. Treaccar*, 153 S.W.2d 539, 541 (Tex.Civ.App.—Galveston 1941, no writ). Accordingly, it has been held that the clerk will not be compelled by mandamus to approve a supersedeas bond unless relator shows the clerk has arbitrarily and without exercising discretion refused to approve the bond. *English v. Treaccar, supra; Bean v. Polk*, 226 S.W. 1106, 1107 (Tex.Civ.App.—El Paso 1921, no writ).

■ Yet, the holding is not without limitation, for mandamus may issue to correct a clear abuse of discretion. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682 (1956). Thus, since the clerk's discretion is not unbridled, mandamus will lie if relator clearly shows an abuse of the clerk's official discretion in refusing to approve a supersedeas bond. *Greathouse v. Gilmartin*, 164 S.W.2d 757, 758 (Tex.Civ.App.—Fort Worth 1942, no writ). If the law were otherwise, then the right given to suspend the execution of a judgment could be abrogated without recourse in any case by the clerk's unreasonable denial of the bond under the guise of the exercise of discretion.

■ It follows that a clerk is required to exercise a sound and legal discretion within limits created by the facts and circumstances of the particular cause. *Accord, Womack v. Berry, supra*, 291 S.W.2d at 683. In this regard, it is to be noticed that one purpose of a supersedeas bond is to furnish security in addition to the personal liability of the one(s) responsible for the payment of the judgment, *Elliott v. Lester*, 126 S.W.2d 756, 758 (Tex.Civ.App.—Dallas 1939, no writ), and that Rule 364 does not require more than one bondsman who is actually sufficient security. *Ex parte Wrather*, 139 Tex. 47, 161 S.W.2d 774, 775 (1942). Thus, where a supersedeas bond is supported by documentary proof evidencing the solvency of the sureties, or at least one of them, and there is no evidence supporting a contrary conclusion, the clerk clearly abuses his or her discretion in failing to approve the bond.

■ Here, all of the verified documentary proof submitted to respondent clearly and unequivocally evinces that the sureties have good and ample, nonexempt and unencumbered property subject to execution of an amount larger than the amount of the supersedeas bond. Respondent has neither challenged the verity nor rebutted the correctness of the evidential proof submitted; instead, she disregards the submitted evidence by reasoning that there is a lack of information for her determination of the true value of the sureties' assets, and that the sureties' intangible assets are uncommitted to the payment of the judgment if it should be affirmed. However, in so reasoning, respondent neither articulated any deficiency in the information furnished nor suggested the existence of contrary evidence, and she apparently overlooked the reality that personal assets uncommitted to the payment of an affirmed judgment are subject to execution. *See* Tex.R.Civ.Pro. 630, *et seq.*

Then, under the peculiar facts and circumstances of this cause, the articulated reasons of respondent for declining to approve the supersedeas bond are not competent to overcome the proof supporting the sufficiency of the bond. *Groves v. Western Realty Co.*, 84 S.W.2d 835, 836 (Tex.Civ.App.—Dallas 1935, no writ). Consequently, respondent clearly abused her discretion in failing to approve the bond, and her action is subject to control by mandamus.

Accordingly, the writ of mandamus is conditionally granted. It is presumed that respondent will approve the supersedeas bond without the necessity of the formal issuance of a writ of mandamus. The writ will issue only if respondent fails to approve the bond.