NO. 07-06-0046-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 6, 2006
_____

IN RE DORETTA MOORE, RELATOR
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Doretta Moore requests issuance of a writ of mandamus[1] directing the Roberts County District Clerk to approve the supersedeas bond relator has submitted to the clerk. Relator has also requested temporary relief. We will deny relator's petition.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). Relator perfected an appeal from the underlying judgment rendered against her in the 31st District Court of Roberts County. Her

---

[1] Relator presumes that a mandamus petition addressed to this court is the proper remedy for relief from the district clerk's refusal to approve the bond. Under Rule 24.3 of the Texas Rules of Appellate Procedure, even after its plenary power expires, the trial court has continuing jurisdiction to order or modify the amount and type of security and decide the sufficiency of sureties. We express no opinion whether the trial court's continuing authority provides a remedy at law, thereby precluding mandamus relief.

appeal is pending under our docket no. 07-04-0556-CV, thereby invoking this Court's jurisdiction over the entire controversy. *Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex. 1995). We have jurisdiction to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221.

To support her petition, relator relies upon this court's opinion in *Ruiz v. Watkins*, 701 S.W.2d 688 (Tex.App.–Amarillo 1985, no writ), in which we found that a district clerk's refusal to approve a supersedeas bond was an abuse of discretion. In *Ruiz*, the court found that verified documentary proof submitted to the clerk clearly and unequivocally demonstrated that the proposed sureties had good and ample, nonexempt and unencumbered property subject to execution of an amount larger than that of the bond. *Ruiz*, 701 S.W.2d at 691. In the case before us, however, the district clerk was provided only three items regarding the proposed surety's financial status: (1) a June 6, 2005 letter from the president of his bank indicating the amount deposited in the proposed surety's checking account as of that date and (2) two stock portfolio summaries dated April 2005. So far as the record before us indicates, the clerk was provided no information regarding the proposed surety's liabilities, the current status of the three accounts mentioned above, whether the same assets are subject to the community property laws or other claims under law, or whether there are other surety bonds based on the same assets. *See Miller v. Kennedy & Minshew Professional Corp.*, 80 S.W.3d 161, 165-66 (Tex.App.–Fort Worth 2002, no pet.) (trial court did not abuse its discretion in determining that Miller's supersedeas bond did not adequately protect Minshew from loss or damage during the pendency of Miller's appeal). The information submitted to the clerk here falls short of that

2

described in *Ruiz*, and the district clerk did not abuse her discretion in finding the bond insufficient.   *Johnson*, 700 S.W.2d at 917;  *Ruiz*, 701 S.W.2d at 691.

Relator's petition for writ of mandamus is denied.  Her request for temporary relief is, therefore, moot and denied.

Per Curiam