NO. 07-06-0046-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 6, 2006


______________________________



IN RE DORETTA MOORE, RELATOR


_________________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Doretta Moore requests issuance of a writ of mandamus (1) directing the
Roberts County District Clerk to approve the supersedeas bond relator has submitted to
the clerk. Relator has also requested temporary relief. We will deny relator's petition.

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Johnson v. Fourth
Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). Relator perfected an appeal from the
underlying judgment rendered against her in the 31st District Court of Roberts County. Her
appeal is pending under our docket no. 07-04-0556-CV, thereby invoking this Court's
jurisdiction over the entire controversy. Miles v. Ford Motor Co., 914 S.W.2d 135, 138
(Tex. 1995). We have jurisdiction to issue writs of mandamus and all other writs necessary
to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221. 

 To support her petition, relator relies upon this court's opinion in Ruiz v. Watkins,
701 S.W.2d 688 (Tex.App.-Amarillo 1985, no writ), in which we found that a district clerk's
refusal to approve a supersedeas bond was an abuse of discretion. In Ruiz, the court
found that verified documentary proof submitted to the clerk clearly and unequivocally
demonstrated that the proposed sureties had good and ample, nonexempt and
unencumbered property subject to execution of an amount larger than that of the bond. 
Ruiz, 701 S.W.2d at 691. In the case before us, however, the district clerk was provided
only three items regarding the proposed surety's financial status: (1) a June 6, 2005 letter
from the president of his bank indicating the amount deposited in the proposed surety's
checking account as of that date and (2) two stock portfolio summaries dated April 2005. 
So far as the record before us indicates, the clerk was provided no information regarding
the proposed surety's liabilities, the current status of the three accounts mentioned above,
whether the same assets are subject to the community property laws or other claims under
law, or whether there are other surety bonds based on the same assets. See Miller v.
Kennedy & Minshew Professional Corp., 80 S.W.3d 161, 165-66 (Tex.App.-Fort Worth
2002, no pet.) (trial court did not abuse its discretion in determining that Miller's
supersedeas bond did not adequately protect Minshew from loss or damage during the
pendency of Miller's appeal). The information submitted to the clerk here falls short of that
described in Ruiz, and the district clerk did not abuse her discretion in finding the bond
insufficient. Johnson, 700 S.W.2d at 917; Ruiz, 701 S.W.2d at 691. 

 Relator's petition for writ of mandamus is denied. Her request for temporary relief
is, therefore, moot and denied.


 Per Curiam

1. 
 ' 
 
 
 ' 
 


a is no longer
appealable from plea-bargained felony convictions. Cooper v. State, 45 S.W.3d 77, 83
(Tex.Cr.App. 2001). Thus, because appellant's notice of appeal did not comply with the
requirements of former Rule 25.2(b)(3), we are without jurisdiction to entertain any
arguable complaints that could have been raised. 

 Accordingly, the appeal is dismissed for want of jurisdiction and counsel's motion
to withdraw is rendered moot.

 Don H. Reavis

 Justice

Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).