Raymond FRANK, Appellant,

v.

Roy Q. MINTON et al., Appellees.

No. 5504.

Court of Civil Appeals of Texas, Waco.

Dec. 11, 1975.

Rehearing Denied Jan. 15, 1976.

Waggoner Carr, Robert L. Crider, Austin, for appellant.

Clark, Thomas, Winters & Shapiro, John H. Coates, Austin, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Raymond Frank, Sheriff of Travis County from Summary Judgment granting permanent injunction against appellants enforcement of the provisions of Article 2372p–3 VATS against appellees Roy Q. Minton and Bob Kuhn.

Appellees (plaintiffs) Minton and Kuhn are licensed lawyers practicing law in Travis County. They filed suit for injunction enjoining appellant (defendant) Sheriff Frank from enforcing the bonding regulating provisions of Article 2372p–3 VATS (The Bail Bond Act), against them. They allege they make bonds in criminal cases for clients they represent, and that Section 3(b) of Article 2372p–3 VATS exempts them from the requirements of the Bail Bond Act.

Appellant (defendant) Sheriff answered that appellees (plaintiffs) as practicing attorneys are exempt from the "requirements of licensing" under the act, but that they are not exempt from the regulating provisions of the act.

Appellees (plaintiffs) moved for Summary Judgment. Appellant (defendant) answered that plaintiffs' petition fails to state a cause of action on which plaintiffs can be granted relief; and further that the approval of bonds involves the exercise of discretion on defendant's part; both of which preclude summary judgment.

The trial court granted summary judgment permanently enjoining appellant (defendant) from enforcing the provisions of Article 2372p–3 VATS "which concern approval of bonds" against appellees (plaintiffs).

Appellant Sheriff Frank appeals on 4 points contending the trial court erred in enjoining appellant from implementing, administering or enforcing the regulating provisions of Article 2372p–3 VATS as to appellees.

Appellant contends that Article 2372p–3 VATS exempts attorneys from the "licensing" provisions of the act, but does not exempt attorneys from the "regulating" provisions of the act. Appellees contend that the act exempts attorneys from both the "licensing" and "regulating" provisions of the act (and that attorneys who make bail bonds in Travis County are regulated by Article 17.11 of the Code of Criminal Procedure).

Thus the question for determination here is whether the act exempts attorneys from its "licensing" provisions only, or whether it exempts them from both its "licensing" and "regulating" provisions.

Pertinent provisions of Article 2372p–3 VATS are summarized as follows:

Art. 2372p–3. Licensing and regulation of bail bondsmen

### Declaration of policy

Section 1. The business of executing bail bonds is declared to be a business affecting the public interest. It is declared to be the policy of this state to provide reasonable regulation to the end that the right of bail be preserved and implemented by just and practical procedures governing the giving or making of bail bond and other security to guarantee appearance of the accused.

### Definitions

Sec. 2. In this Act:

(1) "Person" includes corporations, other business entities, and associations of persons.

(2) "Bondsman" means any person who for hire or for any compensation deposits any cash or bonds or other securities, or executes as surety any bond for other persons, as many as five times in any 12-month period.

(3) "Company" includes corporation and other business entities.

(4) "Bond" includes cash deposit or written undertaking to assure appearance.

(5) "Board" means the County Bail Bond Board.

### Requirements of license

Sec. 3. (a) No person may act as a bondsman without the license required under the provisions of this Act, except as provided in Subsections (b), (c), and (d) of this section.

(b) Persons who are actually engaged in the practice of law and who are members of the State Bar of Texas who personally execute bail bonds or act as sureties for persons they actually represent in criminal cases may execute bail bonds or sureties without being licensed under this Act, but they are prohibited from engaging in the practices made the basis for revocation of license under this Act and, if found guilty of violating the terms of this Act, may not qualify thereafter under the exception provided in this subsection.

(c) The provisions of this Act do not apply to the execution of bail bonds in counties having a population of less than 150,000 according to the last preceding federal census.

(d) Persons who execute bonds as cosureties with a licensed bondsman.

### Examination of Bondsman by Any Sheriff

Sec. 4. A sheriff may examine under oath any proposed bondsman, * * * as to the indemnity * * * provided * * against loss * * * and may refuse to accept the bond if, in the exercise of his discretion, he is satisfied that the security is insufficient, any portion of the security has been feloniously obtained, or the provisions of this Act have been violated.

### County Bail Bond Board

Sec. 5. (a) There is hereby created in all counties having a population of 150,000 or more * * * a County Bail Bond Board.

(b) It shall be the duty of the County Bail Bond Board to set rules and regulations relative to the making of bail bonds by bondsmen within the county. No person may act as a bondsman unless he first obtains a license from the board unless exempt under the provisions of Section 3 * * *.

(c) The County Bail Bond Board shall be composed of the following persons: (1) The sheriff; (2) a district judge; (3) the county judge; (4) a county court at law judge; (5) the district attorney.

(d) The board shall meet * * *.

(e) Three members of the board shall constitute a quorum * * *.

(f) * * * all rules and regulations * * * of the board shall be posted * * in the courthouse * * *.

(g) The County Bail Bond Board has the following powers and duties: (1) To establish rules to be followed in the county relating to the setting and taking of bail bonds; (2) to conduct hearings and make determinations respecting the issuance of licenses to bondsmen within the provisions of this Act and to issue licenses to applicants who qualify; (3) to administer oaths and have hearings; (4) to investigate applicants for licenses and determine their qualifications; (5) keep records of all proceedings; and (6) operate its office affairs.

### Application and issuance of license

Sec. 6. (provides for applications for license as a bondsman; a fee of $500. for filing of application; and deposit of cash or equivalent with the County Treasurer, upon approval of the licensee, to pay judgments of bail forfeitures resulting from the persons execution of a bail bond.

### Refusal and revocation of licenses

Sec. 9. * * *

(b) Any license may be suspended or revoked by the board for:

(1) violation of the provisions of this Act;

(2) fraudulently obtaining a license under the provisions of this Act;

(3) conviction for felony or misdemeanor involving moral turpitude;

(4) being adjudged bankrupt or becoming insolvent;

(5) failing to pay within 30 days any final judgment rendered on any forfeited bond;

(6) failure to pay in addition to amount of a forfeited bond all necessary and reasonable expenses in arresting the principal;

(7) a licensee's paying commission or dividing fees with any person not permitted to execute bonds or in any manner passing anything of value to any person for referrals of bond business; or

(8) soliciting bail bond business in any building where prisoners are processed or confined.

### Procedure for suspension or revocation of license

Sec. 10. (a) The Board may revoke or suspend a license for violation of any provision of this Act; (b) after notice of hearing; (c) specifying the charges of violation (d) and giving licensee opportunity to be heard (e) and a record of the hearing made.

### Surrender of principal

Sec. 13. Provides conditions and procedure upon which a bondsman may surrender the principal.

### Approval of bond

Sec. 14. The sheriff of any county has the sole responsibility of receiving and approving bail bonds for the purpose of gaining the release of a named principal held in custody by any authority in his county of an offense of which the county or district court has jurisdiction.

We note that Article 2372p–3 VATS was held to be constitutional in *Robinson v. Hill*, Tex., 507 S.W.2d 521. It is undisputed that Travis County is a County with more than 150,000 population.

The act from its caption and body deals with 2 areas of the bail bond business 1) Licensing, and 2) Regulating. Section 3(a) provides no person can act as a bondsman without a license except (b) lawyers who "execute bail bonds as sureties for persons they actually represent in criminal cases may execute bail bonds or sureties without being licensed under this Act, and they are prohibited from engaging in the practices made the basis for revocation of license under this Act".

Sec. 9(b) provides "any license may be suspended or revoked by the board for violations of the provisions of this Act".

And Sec. 3(b) further provides that if an attorney is found guilty of violating the terms of the act, the attorney may not qualify thereafter under the exception provided in this subsection, that is to say he must thereafter be licensed as a non-lawyer bail bondsman, if he is to execute bail bonds.

Further Sec. 5(b) provides "It shall be the duty of the County Bail Bond Board to set rules and regulations relative to the making of bail bonds by bondsmen within the county." (It does not say licensed bondsmen) the next sentence reinforces this construction by providing: "No person may act as a bondsman unless he first obtains a license from the board unless exempted under the provisions of Section 3". We think the foregoing means that attorneys do not have to be licensed to make bail bonds, but that they do have to obey the rules and regulations provided for in the act for bondsmen.

Further Section 4 provides that the sheriff may examine under oath "any bondsman" and "may refuse to accept the bond if, in the exercise of his discretion, he is satisfied that the security is insufficient".

Section 4 refers to "any bondsman" and does not restrict the sheriff's authority to "licensed bondsmen".

And Section 14 reposes in the Sheriff the "sole responsibility of receiving and approving bail bonds".

We think the intent of the act is to exempt attorneys from its "licensing" provisions, but that attorneys are not exempt

from the "regulating" provisions of the act. Additionally appellant could not be enjoined from the exercise of his discretion as provided for in Sections 4 and 14, by summary judgment.

Appellant's contention is sustained. Summary judgment was improper.

Reversed and remanded.