Roy Q. MINTON et al., Petitioners,

v.

Raymond FRANK, Respondent.

No. B–5816.

Supreme Court of Texas.

Oct. 13, 1976.

Clark, Thomas, Winters & Shapiro, John Coates and Barry Bishop, Austin, for petitioners.

Waggoner Carr and Robert L. Crider, Austin, for respondent.

DENTON, Justice.

This suit involves the construction of Article 2372p–3 Vernon's Texas Civil Statutes Annotated[1] which provides for the licensing and regulation of bail bondsmen. The suit was brought by Roy Q. Minton and Bob Kuhn, as licensed attorneys who represent clients in criminal cases, to obtain an injunction against Travis County Sheriff Raymond Frank from enforcing certain provisions of the Act. The trial court granted petitioners' motion for summary judgment, and the court of civil appeals reversed. 531 S.W.2d 413. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The trial court granted petitioners' motion for summary judgment and permanently enjoined respondent from imposing certain provisions of Article 2372p–3 against the petitioners. The judgment further provided:

That as to plaintiffs Roy Q. Minton and Bob Kuhn, defendant Raymond Frank is enjoined from requiring security, including deposit of money, certificates of stock, certificates of deposit, deeds or deeds of trust for purposes of obtaining bail for their clients whom they actually represent, but this Order specifically requires compliance by the plaintiffs with the evidence of sufficiency of security provisions of Article 17.11, V.A.C.C.P.

The court of civil appeals reversed and remanded, holding that Article 2372p–3 contained both licensing and regulating provisions, and that while attorneys were exempt from the licensing provision, all bondsmen, licensed or otherwise, were subject to the regulatory provisions of the Act.

Material provisions of Article 2372p–3 read as follows:

### Requirements of license

Sec. 3 (a) No person may act as a bondsman without the license required under the provisions of this Act, except as provided in Subsections (b), (c), and (d) of this section.

(b) Persons who are actually engaged in the practice of law and who are members of the State Bar of Texas who personally execute bail bonds or act as sureties for persons they actually represent in criminal cases may execute bail bonds or sureties without being licensed under this Act, but they are prohibited from engaging in the practices made the basis for revocation of license under this Act, and, if found guilty of violating the terms of this Act, may not qualify thereafter under the exception provided in this subsection.

(c) The provisions of this Act do not apply to the execution of bail bonds in counties having a population of less than 124,000 according to the last preceding federal census.

(d) Persons who execute bonds as co-sureties with a licensed bondsman.

### Examination of bondsman by any sheriff

Sec. 4. A sheriff may examine under oath any proposed bondsman, or an officer or attorney of any company proposing to execute a bond, as to the indemnity, if any, deposited or otherwise provided directly or indirectly against loss by reason

---

1. Statutory references are to Vernon's Texas Civil Statutes Annotated.

of the bond, and may refuse to accept the bond if, in the exercise of his discretion, he is satisfied that the security is insufficient, any portion of the security has been feloniously obtained, or the provisions of this Act have been violated.

### County bail bond board

Sec. 5. (a) There is hereby created in all counties having a population of 124,000 or more, according to the last preceding federal census a County Bail Bond Board.

(b) It shall be the duty of the County Bail Bond Board to set rules and regulations relative to the making of bail bonds by bondsmen within the county. No person may act as a bondsman unless he first obtains a license from the board unless exempted under the provisions of Section 3 of this Act.

\*       \*       \*       \*       \*       \*

### Application and issuance of license

Sec. 6. (a) Any person desiring to act as a bondsman in any court of the county shall file with the County Bail Bond Board a sworn application for a license. The application shall be in such form as the board may prescribe, and shall set forth:

(1) The name and address of the applicant, and if the applicant shall be a firm or corporation, the name of each officer and director thereof and all of its employees actively engaged in processing the giving or making of bail bonds within the county;

(2) The name under which the business shall be conducted;

(3) The name of the place or places wherein the business is to be conducted;

(4) The list of nonexempt properties owned by the applicant and rendered on the tax rolls of the county, the same to be certified by the county tax assessor and collector of the county involved, along with a personal financial statement of the applicant;

\*       \*       \*       \*       \*       \*

(6) A statement that such applicant has not been denied or refused a license in the county during the past 12 months.

(b) The application shall be accompanied by letters of recommendation from three reputable persons who have known the applicant for a period of at least three years. Each letter shall recommend applicant as having a reputation of honesty, truthfulness, fair dealing, and competency and shall recommend that the permit be granted to the applicant.

(c) The application shall be accompanied by a fee of $500 for the filing of any original application.

(d) Upon notice from the board that the application has been tentatively approved, the applicant shall then:

(1) deposit with the county treasurer of the county in which his principal office is located a cashier's check, certificate of deposit, or cash in the amount of $5,000, to be held in a special fund to be called the bail security fund; or

(2) execute in trust to the sheriff of the county in which his principal office is located a deed to nonexempt real property of the value, as determined by the sheriff, of not less than $10,000, the condition of the trust being that the property may be sold to satisfy any forfeitures that may be made in bonds executed by him after such notice and upon such conditions as are hereinafter provided.

\*       \*       \*       \*       \*       \*

### Refusal and revocation of licenses

Sec. 9. (a) No license may be issued to any person who:

(1) is bankrupt or insolvent; or

(2) has had his license revoked for default upon a bond and has not satisfied the obligation of the bond.

(b) Any license may be suspended or revoked by the board for:

(1) violation of the provisions of this Act;

(2) fraudulently obtaining a license under the provisions of this Act;

(3) conviction under the laws of this or any other state or of the federal govern-

ment of a misdemeanor involving moral turpitude or of a felony;

(4) being adjudged bankrupt or becoming insolvent;

(5) failing to pay within 30 days any final judgment rendered on any forfeited bond in any court of competent jurisdiction within this state;

(6) failure to pay, in addition to the principal amount of a forfeited bond, all necessary and reasonable expenses incurred by all peace officers in arresting the principal on any bail bond executed by him, in the event the principal fails to appear as required by law;

(7) a licensee's paying commission or dividing commissions or fees with any person, company, firm, or corporation not permitted hereunder to execute bonds or in any manner passing anything of value to any person for referrals of bond business; or

(8) soliciting bail bond business in any building where prisoners are processed or confined.

\* \* \* \* \* \*

### Approval of bond

Sec. 14. The sheriff of any county has the sole responsibility of receiving and approving bail bonds for the purpose of gaining the release of a named principal held in custody by any authority in his county upon accusation of an offense of which the county or district court has jurisdiction.

■ The cardinal rule of statutory interpretation is to ascertain legislative intent. *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964). Where the intent is apparent from the words of the statute, it is not necessary for this Court to make any analysis of the extrinsic evidence of legislative intent. *Calvert v. British-American Oil Producing Co.,* 397 S.W.2d 839 (Tex.1965).

The respondent posted requirements regarding the execution of bail bonds to be enforced by his office upon all bondsmen, including attorneys who represent clients. The requirements included a deposit of $1000 cash or a certificate of deposit, or

execution of a deed of trust on unencumbered non-homestead property in the amount of at least $10,000. These requirements are the same requirements imposed upon licensees in section 6 of the Act except for the difference in the amount of the cash deposit.

The question is not whether attorneys are exempt from the Act's "licensing" provision or the so-called "regulating" provisions of the Act as the court of civil appeals has viewed it, but whether attorneys who actually represent clients in criminal cases must comply with the requirements imposed under section 6 of the Act.

■ We think the clear intent of the Act, taken in its entirety, is to exempt qualified attorneys from the provisions of section 6. It necessarily follows that otherwise qualified attorneys are exempt from respondent's bonding requirements set out in his "Surety Bond Procedures." Section 6 provides detailed licensing procedures under the Act, and sets out the requirements imposed upon an applicant prior to the issuance of the license. Qualified attorneys, being clearly exempt from the requirement of obtaining a license, are not required to comply with the requirements imposed upon an "applicant" for a license under section 6(d) of the Act. We construe the judgment of the trial court to so hold.

■ Attorneys are subject to article 2372p–3, to the extent that section 3(b) prohibits them from engaging in the practices made the basis for revocation of a license under the Act, and provides that if they are found guilty of such practices they may not thereafter claim the exemption for attorneys. Attorneys are also subject to section 4 of the Act which gives the sheriff the authority to examine under oath any bondsman, and to disapprove a bond if, within his discretion the security is not sufficient. Article 17.11 of the Code of Criminal Procedure directs the officer taking a bail bond to require evidence of the sufficiency of the security offered. Section 14 of the Act gives the sheriff the sole responsibility of receiving and approving bail

bonds. The trial court correctly held petitioners are subject to the provisions of chapter 17 of the Code of Criminal Procedure which deals with the making and sufficiency of bail bonds.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.