

# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable R. J. Thornton
Hale County Attorney
Third Floor, Courthouse
Plainview, Texas    79072

Opinion No.   JM-603

Re:  Status of Hale County under the
Indigent Health Care and Treatment
Act, article 4438f, V.T.C.S.

Dear Mr. Thornton:

You ask the following question involving an interpretation of the statutory language in the Indigent Health Care and Treatment Act:

> 1.  Is Hale County a county without a public hospital or a county under a hospital authority?

> 2.  If  Hale  County  is  under  a  hospital authority,  would  section  10.02(c)  or  section 10.02(d)  provide  the  proper  income  and  resources eligibility standards?

The Hale County Hospital Authority was created under the County Hospital Authority Act, which is codified as article 4494r, V.T.C.S. The governing body of a hospital authority created under that act is authorized to lease to a corporation, among other entities, any hospital or part of a hospital owned by the hospital authority to be operated as a hospital by the lessee under terms and conditions that are satisfactory to the governing body and the lessee.  See V.T.C.S. art. 4437e-1, §§1, 2; art. 4494r, §§5, 14.

The Hale County Hospital Authority leased Central Plains Regional Hospital to a corporation in February, 1984, for a term of 25 years. A copy of the lease agreement furnished to us contains traditional elements of a lease and makes it clear that the hospital authority remains the owner of the hospital and the corporation is a lessee of the hospital.  The lease specifies a rental fee and provides that, unless there is further agreement, possession of the hospital reverts to the hospital authority at the end of the 25 year term.  It contains provisions for early termination of the agreement by the hospital authority under certain circumstances.  Title to capital additions vests in the hospital authority, which retains the power to disapprove construction of certain capital additions.  The hospital authority has access to the property at all reasonable times for purposes of inspection of the property.  In the event the hospital authority desires to sell any of its interest in the property or the agreement,

the lessee has the first option to purchase it.  In summary, it appears that the agreement confers a leasehold interest and the right to operate the hospital to the corporation with the hospital authority remaining the owner and lessor of the hospital.

Under the state certificate of need program which expired in 1985, expansion or modification of a health facility or its services required a certificate of need granted by the Texas Health Facilities Commission.  See V.T.C.S. art. 4418h, §3.01, §3.03-3.15 (expired).  We are advised that a certificate of need for the hospital in question was transferred to the corporation which agreed to operate the hospital as the lessee.  In our opinion, the transfer of the certificate of need does not alter ownership of the facility.  Under the lease agreement, the corporation assumed responsibility for expansion or modification of the hospital in its capacity as lessee.  As lessor of the facility, the hospital authority retained ownership of the hospital while transferring authority for capital improvements and expansions to the corporation.

In answer to your first question, we conclude that, under the express provisions of the Indigent Health Care and Treatment Act, article 4438f, V,T.C.S., Hale County is not a county without a public hospital and is instead a county with a public hospital owned by a hospital authority and leased by it to a corporation that operates the hospital.  Section 1.02(10) of the act defines a public hospital as "a hospital owned, operated, or leased by a governmental entity." (Emphasis added).  According to section 1.02(6), a governmental entity "includes a county, city, town, hospital authority, or other political subdivision of the state, but does not include a hospital district."

The dominant consideration in construing a statute is the legislative intent.  Minton v. Frank, 545 S.W.2d 442, 445 (Tex. 1976).  The words of the statute are the best evidence of legislative intent and, where a statute is plain and unambiguous, it will be enforced according to its words.  Anderson v. Penix, 161 S.W.2d 455, 459 (Tex. 1942); Sabine Pilots Association v. Lykes Brothers Steamship, Inc., 346 S.W.2d 166, 169 (Tex. Civ. App. - Austin 1961, no writ).  In our opinion, the language in section 1.02(6) and section 1.02(10) is clear and unambiguous.  Consequently, we conclude that Title 3 of the Indigent Health Care and Treatment Act, which relates to an area served by a public hospital, applies to health care services and assistance for persons who reside in Hale County.  Each governmental entity that owns, operates, or leases a public hospital shall provide sufficient funding to the hospital to provide the health care assistance required by the act.  Since the public hospital is owned and leased by a hospital authority, the governmental entity that created or authorized the creation of the authority shall provide sufficient funding to the public hospital or hospital authority to provide the health care assistance required by the Indigent Health Care Act.  See V.T.C.S. art. 4438f, §10.02(a), §12.03.

Your second question relates to the standards for determining eligibility for health care assistance under Title 3 of the act. Under the facts which are presented to us, it appears that the standard that the hospital used to meet a Hill-Burton obligation should be adopted by the hospital to determine eligibility under Title 3.

Section 10.02 of the Indigent Health Care Act provides, in part:

> (b)  A person is eligible for assistance under this title if the person resides within the area that a public hospital has a legal obligation to serve and:
>
> (1)  meets the basic income and resources requirements established by the department under Section 1.06 of this Act and in effect at the time the assistance is requested; or
>
> (2)  meets a less restrictive income and resources standard adopted by the public hospital serving the area in which the person resides.
>
> (c)  If a public hospital used an income and resources standard during the operating year that ended before January 1, 1985, that was less restrictive than the income and resources requirements established by the department under Section 1.06 of this Act, the public hospital shall adopt that standard to determine eligibility under this title.
>
> (d)  If a public hospital did not use an income and resources standard during the operating year that ended before January 1, 1985, but had a Hill-Burton obligation during part of that year, the hospital shall adopt the standard the hospital used to meet the Hill-Burton obligation to determine eligibility under this title.

V.T.C.S. art. 4438f, §10.02(b)-(d).  Section 1.06 directs the Texas Department of Human Services to establish standards for use in determining eligibility under the act.

Basically, the legislature has provided that under Title 3 a person is eligible for assistance who meets the income and resources requirements established by the Department of Human Services or a less restrictive standard adopted by a public hospital.  V.T.C.S. art. 4438f, §10.02(b).  Under subsection (f), of section 10.02 a public hospital may adopt a less restrictive standard at any time and under subsection (c), a public hospital that used a less restrictive

standard during the operating year that ended before January 1, 1985 must adopt that less restrictive standard for the purpose of determining eligibility. In addition, a public hospital that had a Hill-Burton obligation during part of the operating year that ended before January 1, 1985, and did not use an income and resources standard during that year, is required to adopt the standard the hospital used to meet its Hill-Burton obligation. See subsec. (d).

You advise us that your hospital's Hill-Burton obligation was not paid off until sometime in February 1984. Hence, it appears that the hospital had a Hill-Burton obligation during at least part of the year ending before January 1, 1985. Whether the hospital used an income and resources standard during the operating year that ended before January 1, 1985 is a factual determination that this agency is not equipped to make in the opinion process. Assuming, however, that the hospital did not use such a standard during that period, section 10.02(d) of article 4438f specifies the use of the standards used to meet the Hill-Burton obligation for determining eligibility under the Indigent Health Care Act. If section 10.02(d) is not applicable to your hospital under the facts, we conclude that it is a public hospital which must adopt income and resources standards that are not more restrictive than the standards established by the Department of Human Services and not more restrictive than standards that the public hospital used during the year ending before January 1, 1985.

## S U M M A R Y

Under the provisions of the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., Hale County is a county with a public hospital owned by a hospital authority and leased by it to a corporation which operates the hospital. A public hospital that had a Hill-Burton obligation during part of the operating year that ended before January 1, 1985, and did not use an income and resources eligibility standard for health care assistance during that year, is required by article 4438f, section 10.02(d) to adopt the standard used by the hospital to meet its Hill-Burton obligation.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General