Honorable Mike Driscoll Harris County Attorney 1001 Preston Suite 634 Houston, Texas 77002
Re: Whether the Harris County Bail Bond Board is authorized to regulate licensed attorneys who execute bail bonds for criminal defendants (RQ-1385)
Dear Mr. Driscoll:
You ask:
Whether the Harris County Bail Bond Board is authorized to regulate licensed attorneys who actually represent criminal defendants and/or the Harris County Pre-trial Services Agency in connection with their respective roles in obtaining bail bonds for criminal defendants.
Section 3 of article 2372p-3, V.T.C.S., provides:
 The provisions of this Act apply only to the execution of bail bonds in counties having a population of more than 110,000 according to the last federal census or in counties of less than 110,000 where a board has been created. The creation of the board is within the discretion of a majority of the officers of the county who would be members of, or who would designate members of, the board as provided under Subsection (b) of this section.
 (a) In a county that has a board, no person may act as a bondsman except:
(1) persons licensed under this Act, and
 (2) persons licensed to practice law in this state who meet the requirements set forth in Subsection (e) of Section 3 of this Act.
 (b) No individual is eligible for a license under this Act unless the individual:
 (1) is a resident of this state and a citizen of the United States;
(2) is at least 18 years of age;
 (3) possesses sufficient financial resources to provide indemnity against loss on such obligations as he may undertake as required by Section 6 of this Article.
 (c) No person shall be eligible for a license under this Act, who after the effective date of this Act, commits an offense for which he is finally convicted, such offense being a felony or misdemeanor involving moral turpitude.
(d) No corporation is eligible to be licensed unless:
(1) it is chartered or admitted to do business in this state; and
 (2) it is qualified to write fidelity, guaranty and surety bonds under the Texas Insurance Code, as amended.
 (e) Persons licensed to practice law in this state may execute bail bonds or act as sureties for persons they actually represent in criminal cases without being licensed under this Act, but they are prohibited from engaging in the practices made the basis for revocation of license under this Act and if found by the sheriff to have violated any term of this Act, may not qualify thereafter under the exception provided in this subsection unless and until they come into compliance with those practices made the basis of revocation under this Act. Notwithstanding any other provision of this subsection, no person licensed to practice law shall be relieved of liability on a bail bond he has executed for the sole reason that he has not been employed to represent the principal on the merits of the case if he has been paid a fee for the execution of the bail bond. (Emphasis added.)
Persons licensed to practice law in this state are exempt from obtaining a license and are not required to comply with the requirements imposed upon an applicant set forth in section 6 of article 2372p-3. Minton v. Frank, 545 S.W.2d 442 (Tex. 1976). Licensed attorneys are subject to the act insofar as they are prohibited from engaging in practices made the basis for revocation of a license. The act expressly provides that this is a matter for the determination of the sheriff.
Any officer "taking a bail bond shall require evidence of the sufficiency of the security offered." Article 17.11 Code of Criminal Procedure. In Minton v. Frank the court noted that bonds executed by attorneys are subject to this provision.
An agency may not by its own rules extend or add to the powers listed in a statute. Attorney General Opinion JM-251 (1984). Thus, the Harris County Bail Bond Board does not have the authority to require attorneys to comply with article 2372p-3 when the attorney has executed a bail bond or acted as a surety for a person whom the attorney is actually representing in a criminal case.
The information you furnish reflects that the Harris County Pre-trial Services Agency performs the function of the personal bond office authorized by article 2372p-2, V.T.C.S. Article 2372p-2 provides that the duties of a personal bond office are to gather and review information about an accused that may have a bearing on whether he will comply with the conditions of a personal bond and report its findings to the court before which the case is pending. Article 17.03 of the Code of Criminal Procedure authorizes the court before which the case is pending, in its discretion, to release the defendant on his personal bond without sureties or other security. See Attorney General OpinionJM-760 (1987).
An agency that performs the function of the personal bond office, here the Harris County Pre-trial Services Agency, does not perform the function of a bail bondsman. The County Bail Bond Board, charged with certain statutory responsibilities in the licensing and regulation of bail bondsmen under article 2372p-3, is not authorized to regulate an agency performing the functions of a personal bond office.
 SUMMARY
The Harris County Bail Bond Board does not have the authority to require attorneys to comply with article 2372p-3, V.T.C.S., when the attorney has executed a bail bond or acted as a surety for a person the attorney is actually representing in a criminal case. Nor is such board authorized to regulate an agency in gathering, reviewing and reporting information to a court that may have a bearing on whether an accused is entitled to a personal bond under article 2372p-2, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General