

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

June 13, 1989

Honorable Jack Skeen, Jr.          Opinion No. JM-1057
Criminal District Attorney
    for Smith County               Re: Authority to regulate bail
Smith County Courthouse            bond companies in Smith County
Tyler, Texas  75702                (RQ-1683)

Dear Mr. Skeen:

You first ask whether the county bail bond board or the sheriff's department has authority and control when there are disagreements as to when, where, how or to whom a bond shall be issued. In your second question, you ask whether the bail bond board or the sheriff's department has the regulatory authority over agents authorized by a bail bondsman to make bonds for the bondsman's company. In your third question you ask what, if any, authority or control the county bail bond board licensing the bondsman may have in collecting a bond given by the bondsman in another county.

Section 14(a) of article 2372p-3, V.T.C.S., requires a sheriff to accept a bond under certain circumstances. Section 14(a) of article 2372p-3 provides:

> In any county or district case in which the posting of bond is required as a condition of release, the sheriff shall accept or approve a bond posted by a licensed bondsman only in accordance with this Act and the rules prescribed by the board, but a sheriff may not refuse to accept a bail bond from a licensed bondsman who meets the requirements of Subdivision (4) or (5) of Subsection (a) of Section 6 of this Act.

Section 6(a)(4) requires the listing and description of nonexempt real estate owned by the bondsman applicant, statements from the taxing units relative to absence of tax liens, value of the property, an agreement by applicant that he will not further encumber the property after conveying it in trust to the board and other information relative to such

property.  Section 6(a) requires a statement of the amount of cash or value of a certificate of deposit or cashier's checks the applicant intends to place with the county treasurer to secure any obligations incurred by the applicant in the bonding business.

Prior to the amendment of section 4 of 2372p-3 by Senate Bill 727, Acts 1981, 67th Leg., ch. 312, at 875, effective August 31, 1981, section 4 had granted the sheriff discretionary power to refuse to accept any bond if "in the exercise of his discretion, he is satisfied that the security is insufficient, any portion of the security has been feloniously obtained, or the provisions of this Act have been violated."  See Minton v. Frank, 545 S.W.2d 442 (Tex. 1976); Bexar County Bail Bond Bd. v. Deckard, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ). The amendment by the 67th Legislature in 1981 removed this discretionary power from the sheriff.[1]

Section 3 of article 2372p-3 provides that no person may act as a bondsman (in counties that have bail bond boards) except persons licensed under the act and persons licensed to practice law who meet certain specified requirements of the act.

Section 14(a) of article 2372p-3 restricts the sheriff's acceptance of bonds to those "posted by a licensed bondsman only in accordance with this Act and the rules prescribed by the board."

In your second question you ask whether the board or the sheriff has regulatory authority over agents authorized by a bail bondsman to make bonds for the bondsman's company. Attorney General Opinion MW-507 (1982) concluded that an individual licensee cannot appoint an agent to sign bonds on his behalf, and while a licensed corporate surety may have authorized agents to sign bonds in its behalf, the corporate surety must obtain a separate license for each individual who acts as the surety's agent by executing bail bonds. Attorney General Opinion JM-1012 (1989) stated that the rule-making power of the county bail bond board "is limited

------

1. As amended section 4 of article 2372p-3 provides that all bondsmen must keep records of all bonds written which shall be subject to inspection by the county bail bond boards. Section 3 also details the information required to be kept by the bondsman.

to the making and setting of bail bonds in the county and the board is not authorized to impose qualifications upon the operation of a bondsman that are not enumerated by the statute." Any person executing a bond must be licensed under article 2372p-3 and, as a licensee, is subject to regulation by the board. However, the board's regulatory authority is limited to those powers enumerated in the act.[2]

In your third question you ask what authority or control, if any, the county bail bond board licensing the bondsman has in collecting on a bond given by such bondsman in another county. The license granted an applicant by the county bail bond board is to act as a bondsman in any court of the county. V.T.C.S. art. 2372p-3, § 6(a). Section 9(b) of article 2372p-3 authorizes the board, after notice and hearing, to suspend or revoke a license for a number of designated reasons, one of which is "failing to pay within 30 days any final judgment rendered on any forfeited bond in any court of competent jurisdiction within the county of the licensee. (Emphasis added.) Section 5(f)(1) of article 2372p-3 provides that the county bail bond board has the power and duty to "enforce this Act within the county." Rules promulgated by an administrative agency are valid if they are constitutional, within the granted power and adopted in accordance with proper procedure. See Land v. State, 581 S.W.2d 672 (Tex. Crim. App. 1979). The county bail bond board is not empowered by the act to grant a license to an applicant to act as a bondsman in another county nor does the board have any authority or control over the collection of a bond given in another county by such bondsman.

## S U M M A R Y

The sheriff shall accept or approve a bond posted by a licensed bondsman only in accordance with article 2372p-3, V.T.C.S., and the rules prescribed by the county bail bond board. The sheriff may not refuse to accept a bail bond from a licensed bondsman

---

2. Attorney General Opinion JM-1012 concluded that the county bail bond board may not prohibit the employment by a licensed bail bondsman of persons (not authorized to sign bonds) who have been convicted of felonies and crimes of moral turpitude since the board was not granted this authority by the act.

who meets the requirements of subdivision (4) or (5) of section 6(a) of that act. Any person executing a bond, individually or as an agent for a corporation, must be licensed under article 2372p-3, V.T.C.S. A licensee is subject to regulation by the board. The board's regulatory authority is limited to those powers enumerated in the act. The county bail bond board is not empowered by the act to grant a license to an applicant to act as a bondsman in another county nor does the board have any authority or control over the collection of a bond in another county.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General