ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 3, 2004

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. GA-0197

Re: Whether an attorney who engages in certain conduct is ineligible to execute bail bonds under Occupations Code section 1704.163, which exempts attorneys from chapter 1704's general licensing requirements in certain limited circumstances (RQ-0145-GA)

Dear Mr. Curry:

On behalf of the Tarrant County Bail Bond Board, you ask several questions about Occupations Code section 1704.163, which exempts attorneys from chapter 1704's general licensing requirements in certain limited circumstances.[1]

## I.  Legal Background

Chapter 1704 of the Occupations Code applies in a county that is required to have or has chosen to establish a bail bond board. *See* TEX. OCC. CODE ANN. § 1704.002 (Vernon 2004) ("This chapter applies only in a county with a population of: (1) 110,000 or more; or (2) less than 110,000 in which a board is created."); *see also id.* §§ 1704.051 ("A board is created in each county with a population of 110,000 or more."), .052 ("A board may be created in a county with a population of less than 110,000 if a majority of the persons who would serve as members of the board under Section 1704.053, or who would designate the persons who would serve as members of the board, determine to create a board.").

Except as provided by section 1704.163, a person may not act as a bail bond surety or as an agent for a corporate surety in a county to which chapter 1704 applies unless the person holds a license issued by the county bail bond board under chapter 1704. *See id.* § 1704.151. For purposes of chapter 1704, the term "bail bond surety" means a person who "(A) executes a bail bond as a surety or cosurety for another person; or (B) for compensation deposits cash to ensure the appearance in court of a person accused of a crime." *Id.* § 1704.001(2); *see also id.* § 1704.001(1) ("'Bail bond' means a cash deposit, or similar deposit or written undertaking, or a bond or other security, given

[1]*See* Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Dec. 5, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

to guarantee the appearance of a defendant in a criminal case."). In order to be licensed, a bail bond surety must submit an application and provide security to the bail bond board. *See id.* §§ 1704.154 (application), .160 (security requirements).

Section 1704.160 provides that if the license applicant is an individual (as opposed to a corporation), the person must submit as security a cashier's check, certificate of deposit, or cash or must execute deeds to property in trust to the board in the amount stated in the person's license application. *See id.* § 1704.160(a)(1)(A)-(B); *see also id.* § 1704.160(a)(2) (security requirements for corporations). The license holder must maintain at least that amount of security during the time the person holds the license. *See id.* §§ 1704.160(i), .203(d) (permitting license holder to deposit additional security). The dollar value of the bail bonds an individual license holder may execute is limited by the amount of security the license holder has deposited. *See id.* § 1704.203 (security ratios). If a license holder fails to pay a final judgment on a forfeiture of a bail bond executed by the person, the judgment is paid from the license holder's security. *See id.* § 1704.204(b).

Your questions involve section 1704.163, the "attorney exemption":

> (a) Except as provided by this section, a person not licensed under this chapter may execute a bail bond or act as a surety for another person in any county in this state if the person:
>
>> (1) is licensed to practice law in this state; and
>>
>> (2) represents the other person in the criminal case for which the bond was given.
>
> (b) A person executing a bail bond or acting as a surety under this section may not engage in conduct involved with that practice that would subject a bail bond surety to license suspension or revocation. If the board determines that a person has violated this subsection, the person may not execute a bail bond or act as a surety under this section until the person has remedied the violation.
>
> (c) A person executing a bail bond or acting as a surety under this section who has been paid a fee for executing the bond or acting as the surety is not relieved of liability on the bond solely because the person has not been employed to represent the principal on the merits of the criminal case.

*Id.* § 1704.163.

Your questions primarily pertain to a bail bond board's authority over exempt attorneys under section 1704.163(b). That authority dates from a 2001 amendment and has not been addressed by a court or this office. The legislature codified chapter 1704 in 1999, repealing its statutory

predecessor, former article 2372p-3.[2]  Both former article 2372p-3 and the 1999 codification prohibited an attorney acting under the exemption from engaging in conduct that would subject a license holder to license revocation and provided that an attorney was not permitted to act as a surety under the exemption if the sheriff determined that the person had violated the subsection.[3]  These provisions vested the authority to determine that an attorney had engaged in disqualifying conduct in the sheriff rather than the county bail bond board.[4]  The legislature amended section 1704.163(b) to its present form in 2001, adding conduct that would subject a bail bond surety to license *suspension* as a basis for attorney disqualification and changing "sheriff" to "board."  *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1262, § 7, 2001 Tex. Gen. Laws 2996, 2999.  The latter change transferred authority over attorneys' disqualification from the sheriff to the county bail bond board. Thus, the board rather than the sheriff is now authorized to determine whether an attorney has engaged in conduct that would disqualify the attorney from executing bonds under the exemption.

Your questions also relate to the extent to which section 1704.163 exempts attorneys from chapter 1704's substantive requirements.  Prior to the 2001 amendments, the Supreme Court of Texas and this office construed the attorney exemption to except attorneys from both the bail bond surety license and security requirements.  *See Minton v. Frank*, 545 S.W.2d 442, 445 (Tex. 1976) ("We think the clear intent of the Act, taken in its entirety, is to exempt qualified attorneys from the [security] provisions of section 6."); Tex. Att'y Gen. Op. No. DM-483 (1998) at 5 ("Based on our review of the 1981 amendments to article 2372p-3, we see no indication that the legislature intended to make exempt attorneys subject to the act's security requirements.").  For this reason, a sheriff could not require attorneys acting under the exemption to post security.  *See Minton*, 545 S.W.2d at 445-46 ("It necessarily follows that otherwise qualified attorneys are exempt from [the sheriff's]

---

[2]*See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, §§ 1 (enacting chapter 1704), 6 (repealing article 2372p-3), 1999 Tex. Gen. Laws 1431, 2277-91, 2440.

[3]Prior to its 1999 repeal, the attorney exemption provided in pertinent part, "Persons licensed to practice law in this state may execute bail bonds or act as sureties for persons they actually represent in criminal cases without being licensed under this Act, but they are prohibited from engaging in the practices made the basis for revocation of license under this Act and if found by the sheriff to have violated any term of this Act, may not qualify thereafter under the exception provided in this subsection unless and until they come into compliance with those practices made the basis of revocation under this Act."  *See* former TEX. REV. CIV. STAT. art. 2372p-3, § 3(e), *as enacted by* Act of May 18, 1973, 63d Leg., R.S., ch. 550, 1973 Tex. Gen. Laws 1520, and *amended by* Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 876 (*repealed by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6, 1999 Tex. Gen. Laws 1431, 2440).  As codified in 1999, section 1704.163(b) provided, "A person executing a bail bond or acting as a surety under this section may not engage in conduct involved with that practice that would subject a bail bond surety to license revocation. *If the sheriff determines* that a person has violated this subsection, the person may not execute a bail bond or act as a surety under this section until the person has remedied the violation."  Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, 1999 Tex. Gen. Laws 1431, 2285 (emphasis added).

[4]*See supra* note 3; *see also Price v. Carpenter*, 758 F. Supp. 403, 406 (N.D. Tex. 1991), *aff'd*, 951 F.2d 346 (5th Cir. 1991) (examining sheriff's authority to disqualify an attorney under former law and concluding that attorney's right to execute bonds for clients under the exemption is a property interest entitling attorney to due process); Tex. Att'y Gen. Op. Nos. JC-0008 (1999) at 4 ("Section 3(e) of the Act vests the authority to determine whether an attorney is eligible to execute a bail bond under section 3(e) in the sheriff. A county bail bond board is not authorized to make this determination."), DM-483 (1998) at 5 ("The 1981 amendments to section 3(e) indicate that the legislature intended sheriffs to continue to exert authority over bonds of exempt attorneys.").

bonding requirements."). Furthermore, chapter 17 of the Code of Criminal Procedure, the general provisions on bail, governed the sufficiency of these attorneys' security rather than the regulatory scheme for licensed sureties. *See id.* ("The trial court correctly held [attorney] petitioners are subject to the provisions of chapter 17 of the Code of Criminal Procedure which deals with the making and sufficiency of bail bonds.").[5] The 2001 amendments to section 1704.163(b) did not address the sufficiency of an attorney's security. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1262, § 7, 2001 Tex. Gen. Laws 2996, 2999. Thus, attorneys acting under the exemption continue to be exempt from chapter 1704's security requirements.

## II.    Questions

### A.    Section 1704.163(a)

As a preliminary matter, you ask about the meaning of the phrase "[e]xcept as provided by this section" in section 1704.163(a). *See* TEX. OCC. CODE ANN. § 1704.163(a) (Vernon 2004) ("*Except as provided by this section*, a person not licensed under this chapter may execute a bail bond or act as a surety for another person in any county in this state if the person: (1) is licensed to practice law in this state; and (2) represents the other person in the criminal case for which the bond was given.") (emphasis added). Specifically, you ask, "Does this mean that the general rule allowing attorneys to act as sureties for their clients without a bail bond license always applies, except under the conditions described in subsection (b)?" Request Letter, *supra* note 1, at 1 (emphasis omitted).

We agree with your assessment that section 1704.163(a) generally permits an attorney to act as a surety for a client who the attorney represents in the criminal case. An attorney may not act as a surety for such a client if the bail bond board has determined that the attorney has engaged in prohibited conduct under section 1704.163(b) that has not been remedied. *See* TEX. OCC. CODE ANN. § 1704.163(b) (Vernon 2004) ("A person executing a bail bond or acting as a surety under this section may not engage in conduct involved with that practice that would subject a bail bond surety to license suspension or revocation. If the board determines that a person has violated this subsection, the person may not execute a bail bond or act as a surety under this section until the person has remedied the violation."). In addition, the official taking a defendant's bail bond in a particular criminal case may have cause to determine that an attorney who is not licensed under chapter 1704 is not eligible to execute a bail bond or act as surety for the defendant under section 1704.163(a) because the attorney does not represent the defendant in the criminal case. *See id.* § 1704.163(a).

---

[5]*See also* Tex. Att'y Gen. Op. Nos. JC-0277 (2002) at 3 ("An attorney who acts as a surety on a bail bond pursuant to this exemption, or any person who acts as a surety on a bail bond in a jurisdiction not subject to chapter 1704 of the Occupations Code, is subject to the security requirements set forth in articles 17.11, 17.13, and 17.14 of the Code of Criminal Procedure."), DM-483 (1998) at 6 ("sufficiency of the security offered by an attorney exempt from licensure under former article 2372p-3 [now chapter 1704 of the Occupations Code] is governed by articles 17.11, 17.13, and 17.14 [of the Code of Criminal Procedure]").

**B.**      **Section 1704.163(b)**

You ask three questions about section 1704.163(b):

   (1) What is "conduct involved with that practice that would subject a bail bond surety to license suspension or revocation" under section 1704.163(b)?

   (2) If an attorney makes a bond under the attorney exception for a defendant that the attorney does not represent, has the attorney committed "conduct involved with that practice that would subject a bail bond surety to license suspension or revocation" under section 1704.163(b)?

   (3) What does it mean in section 1704.163(b) for an attorney to have "remedied the violation"?

Request Letter, *supra* note 1, at 2.

   1.      *Conduct that would subject a bail bond surety to license suspension or revocation*

   Section 1704.163(b) provides that an attorney acting as a surety under the attorney exemption "may not engage in *conduct involved with that practice that would subject a bail bond surety to license suspension or revocation*." TEX. OCC. CODE ANN. § 1704.163(b) (Vernon 2004) (emphasis added). You ask what conduct would disqualify an attorney under this provision. *See* Request Letter, *supra* note 1, at 2. Clearly, the phrase "conduct involved with that practice that would subject a bail bond surety to license suspension or revocation" refers to the two chapter 1704 provisions that set forth grounds for bail bond boards to suspend or revoke licenses of bail bond sureties who are licensed in their county under chapter 1704, sections 1704.252 and 1704.253. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998) (providing that words and phrases that have a technical or particular meaning shall be construed accordingly).

   Under section 1704.252, a board may revoke or suspend a license if the license holder engages in one of sixteen categories of conduct. *See* TEX. OCC. CODE ANN. § 1704.252(1)-(16) (Vernon 2004).[6] Section 1704.252(1) provides that any violation of chapter 1704 provides a basis

---

[6]Under section 1704.252, a board may revoke or suspend a license if the license holder:

   (1) violates this chapter or a rule adopted by the board under this chapter;
   (2) fraudulently obtains a license under this chapter;
   (3) makes a false statement or misrepresentation:
      (A) in an application for an original or renewal license; or
      (B) during a hearing conducted by the board;

(continued...)

for license suspension or revocation, *see id.* § 1704.252(1), and thus incorporates conduct that is not expressly listed in subsections (2) through (16) but that violates other chapter 1704 provisions, *see, e.g., id.* § 1704.151 (license requirement); *id.* subch. G, §§ 1704.301-.306 (prohibited conduct and criminal penalties). A board must provide notice and hold a hearing before revoking or suspending a license under section 1704.252. *See id.* § 1704.252; *see also id.* § 1704.254 (requirements for notice and hearing).

Section 1704.253(a) provides that a "board shall immediately suspend a license if the license holder fails to maintain the amount of security required by Section 1704.160. . . . A license suspended under this subsection shall be immediately reinstated if the license holder deposits or executes the amount of security required by Section 1704.160." *Id.* § 1704.253(a). In addition, under section 1704.253(b) "a board shall revoke a license if: (1) the license holder fails to pay a judgment in accordance with Section 1704.204; and (2) the amount of security maintained by the license holder under Section 1704.160 is insufficient to pay the judgment." *Id.* § 1704.253(b). A board is not required to provide notice or hold a hearing before suspending a license under subsection (a), but must do so before revoking a license under subsection (b). *See id.* § 1704.253(a)-(b).

---

[6](...continued)

(4) refuses to answer a question submitted by the board during a hearing relating to the license holder's license, conduct, or qualifications;

(5) is finally convicted under the laws of this state, another state, or the United States of an offense that:

    (A) is a misdemeanor involving moral turpitude or a felony; and

    (B) is committed after August 27, 1973;

(6) is found by a court to be bankrupt or is insolvent;

(7) is found by a court to be mentally incompetent;

(8) fails to pay a judgment in accordance with Section 1704.204;

(9) pays commissions or fees to or divides commissions or fees with, or offers to pay commissions or fees to or divide commissions or fees with, a person or business entity not licensed under this chapter;

(10) solicits bonding business in a building in which prisoners are processed or confined;

(11) recommends to a client the employment of a particular attorney or law firm in a criminal case;

(12) falsifies or fails to maintain a record required under this chapter;

(13) fails to promptly permit the board, or a representative or an agent of the board, of the county in which the license holder is licensed to inspect a record required under this chapter;

(14) acts as a bail bond surety under a suspended or expired license;

(15) fails two or more times to maintain the amount of security required by Section 1704.160; or

(16) misrepresents to an official or an employee of the official the amount for which the license holder may execute a bail bond for purposes of obtaining the release of a person on bond.

TEX. OCC. CODE ANN. § 1704.252 (Vernon 2004); *see also id.* § 1704.001(4) ("'Bonding business' means the solicitation, negotiation, or execution of a bail bond by a bail bond surety.").

You ask, in essence, the extent to which these bases for license suspension and revocation apply to an attorney acting under the attorney exemption. Section 1704.163 exempts an attorney from the chapter 1704 license and security requirements. *See Minton*, 545 S.W.2d at 445-46. For that reason, the bases for license suspension and revocation that involve license or security requirement violations do not apply to an attorney who acts as a surety under section 1704.163. *See, e.g.*, TEX. OCC. CODE ANN. §§ 1704.252(15) (Vernon 2004) (providing for license suspension or revocation of a license holder who "fails two or more times to maintain the amount of security required by Section 1704.160"), .253(a) (providing for mandatory license suspension if a license holder fails to maintain the amount of security required by section 1704.160); *see also* Tex. Att'y Gen. Op. No. JC-0008 (1999) (concluding that attorney who merely advertises that he or she is permitted to execute bail bonds for clients would not violate predecessor to section 1704.303(b), which prohibits person who is not licensed under chapter 1704 from advertising as a bail bond surety). Aside from that limitation, however, the bases for license suspension and revocation that do not involve license and security requirement violations may apply to an attorney who acts as a surety under section 1704.163. *See, e.g.*, TEX. OCC. CODE ANN. § 1704.252(1), (3)(B), (5)-(10) (Vernon 2004). For example, a court has concluded that section 1704.252(9), which prohibits a license holder from dividing bail-bond fees, extends to attorneys who execute bonds under the section 1704.163 exemption. *See Villanueva v. Gonzalez*, 123 S.W.3d 461, 466 (Tex. App.–San Antonio 2003, no pet.) ("An agreement to split bail bond fees between an attorney and a person who is not either licensed as a bail bond surety or as an attorney is illegal."); *see also* TEX. OCC. CODE ANN. § 1704.252(9) (Vernon 2004) (providing for license suspension or revocation of a license holder who "pays commissions or fees to or divides commissions or fees with, or offers to pay commissions or fees to or divide commissions or fees with, a person or business entity not licensed under this chapter").

In connection with your first question, you also ask whether "conduct involved with that practice that would subject a bail bond surety to license suspension and revocation" under section 1704.163(b) would include violating "any local board rule" other than a rule that "pertains exclusively to obtaining licenses or renewals." Request Letter, *supra* note 1, at 2. You do not describe any particular board rule. Thus, we answer this question only in general terms and not with respect to any particular rule.

Chapter 1704 authorizes a county bail bond board to "exercise powers incidental or necessary to the administration of this chapter"; to "supervise and regulate each phase of the bonding business in the county"; and to "adopt and post rules necessary to implement this chapter." TEX. OCC. CODE ANN. § 1704.101 (Vernon 2004). Section 1704.252 permits a board to suspend or revoke the license of a license holder who violates a board rule. *See id.* § 1704.252(1). Thus, violating a board rule could provide a basis for disqualifying an attorney under section 1704.163(b). But because section 1704.163 exempts an attorney from the chapter 1704 license and security requirements, a board may not prohibit a person from acting as a surety under the attorney exemption for violating a board rule that relates to license or security requirements. *See Castaneda v. Gonzalez*, 985 S.W.2d 500, 504 (Tex. App.–Corpus Christi 1998, no pet.) ("[A] bail bond board . . . may only adopt such rules as are authorized by and are consistent with statutory authority, and may not adopt rules which impose additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions.")

(citing *Tex. Fire & Cas. Co. v. Harris County Bail Bond Bd.*, 684 S.W.2d 177, 178 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Bexar County Bail Bond Bd. v. Deckard*, 604 S.W.2d 214, 216 (Tex. Civ. App.–San Antonio 1980, no writ)).

You suggest that a county bail bond board should provide notice and hold a hearing before acting to disqualify an attorney from executing bonds under the section 1704.163(a) exemption. *See* Request Letter, *supra* note 1, at 3. Although we agree that a bail bond board must provide an attorney with due process before disqualifying the attorney under section 1704.163(b), *see generally Price*, 758 F. Supp. at 407, what constitutes due process will depend upon the nature of the board's action and the facts providing the basis for the action, *see id.* at 407-08 (sheriff not required to hold hearing before suspending attorney for executing bonds for non-clients because relevant facts were based upon records routinely kept in county clerk's office; notice and post-suspension hearing satisfied due process).

2.    *Executing a bond for a person the attorney does not represent*

Next you ask whether an attorney who executes a bond under the attorney exemption for a defendant that the attorney does not represent in the underlying criminal case has committed "conduct involved with that practice that would subject a bail bond surety to license suspension or revocation" under section 1704.163(b). *See* Request Letter, *supra* note 1, at 2.

Section 1704.163 permits an attorney who is not a license holder to execute a bail bond only if the attorney "represents the other person in the criminal case for which the bond was given." TEX. OCC. CODE ANN. § 1704.163(a)(1) (Vernon 2004). Section 1704.252(1) authorizes a bail bond board to revoke or suspend a license if the license holder "violates this chapter." *Id.* § 1704.252(1). Section 1704.151 provides that "[e]xcept as provided by Section 1704.163, a person may not act as a bail bond surety . . . in the county unless the person holds a license issued under this chapter." *Id.* § 1704.151. Furthermore, under section 1704.303(a), "[a] person required to be licensed under this chapter may not execute a bail bond unless the person holds a license under this chapter." *Id.* § 1704.303(a), (c) ("A person commits [a Class B misdemeanor] if the person violates this section."). An attorney who is not licensed under chapter 1704 who acts as a surety outside section 1704.163(a)(1)'s limited parameters violates sections 1704.151 and 1704.303, which is a basis for license suspension or revocation under section 1704.252(1), and has therefore committed "conduct involved with that practice that would subject a bail bond surety to license suspension or revocation" under section 1704.163(b). *See generally Price*, 758 F. Supp. at 406 (addressing sheriff's suspension of attorney's right to execute bail bonds under predecessor to section 1704.163 for executing bonds for non-clients). Thus, section 1704.163(b) authorizes a bail bond board to disqualify an attorney who has engaged in such conduct.

In connection with your second question, you ask the following subsidiary questions:

> What if [the attorney] has the good-faith belief, based on representations of a friend or relative arranging for the bail, that the friend or relative *believed* that jailed individual would form an

attorney-client relationship with the bonding attorney, but the jailed individual chose to hire a different attorney after release from jail? What if the whole subject of legal representation was never discussed before the attorney made the bond?

Request Letter, *supra* note 1, at 2.  According to its plain language, section 1704.163(a) applies only to an attorney who "represents the other person in the criminal case." TEX. OCC. CODE ANN. § 1704.163(a) (Vernon 2004).  As one court has noted, under section 1704.163(a), an attorney "is exempt from the bail bond license requirements if he executes the bond in the course of representing the principal." *Akridge v. State*, 13 S.W.3d 808, 810 (Tex. App.–Beaumont 2000, no pet.).  An attorney who acts as a surety under the exemption does so "as part of his legal representation of [the client], not as a separate business transaction." *Id.*  An attorney acts outside the scope of the section 1704.163 exemption if the attorney executes a bond for a person who the attorney does not represent in the criminal case at that time.  Whether an attorney represented a defendant in a particular case at the time the attorney executed the bond will depend upon the facts and is a matter for the county bail bond board to determine pursuant to its authority under section 1704.163(b) to disqualify an attorney who has engaged in prohibited conduct.

### 3.      *Remedying a violation*

Finally, you ask, "What does it mean for an attorney to have 'remedied the violation'"?  Request Letter, *supra* note 1, at 2.  This question involves section 1704.163(b)'s final clause:  "If the board determines that a person has violated this subsection, the person may not execute a bail bond or act as a surety under this section *until the person has remedied the violation*." TEX. OCC. CODE ANN. § 1704.163(b) (Vernon 2004) (emphasis added).

Chapter 1704 does not define the phrase "remedied the violation" nor is the phrase defined elsewhere in Texas statutes or cases.  According to its common usage, the word "remedy," when used as a verb, means to "cure," to "correct," or "to put right, reform . . . or rectify." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 996 (9th ed. 1990); XIII OXFORD ENGLISH DICTIONARY 585 (2d ed. 1989); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

Whether an attorney has remedied a violation will depend upon the disqualifying conduct.  If, for example, the attorney had failed to pay a final judgment on a bail bond forfeiture as required by section 1704.204(a), *see* TEX. OCC. CODE ANN. § 1704.252(8) (Vernon 2004) (providing that failure to pay a judgment in accordance with section 1704.204 is a basis for license revocation or suspension), the attorney may remedy the violation by paying the judgment.  In addition to expressly authorizing a bail bond board to determine whether an attorney has engaged in disqualifying conduct, *see id.* § 1704.163(b), section 1704.163(b) necessarily gives a board the discretion to determine whether an attorney has remedied such a violation, *see id.*; *see also id.* § 1704.101(1), (3)-(4) ("A board shall . . . exercise powers incidental or necessary to the administration of this chapter; . . . supervise and regulate each phase of the bonding business in the county; [and] adopt and post rules necessary to implement this chapter.").

## S U M M A R Y

Occupations Code, section 1704.163(a) generally permits an attorney to act as a surety for a client who the attorney represents in the criminal case without being licensed by the county bail bond board under chapter 1704. An attorney may not act as a surety under this provision if the bail bond board has determined that the attorney has engaged in prohibited conduct under section 1704.163(b). In addition, the official taking a defendant's bail bond in a particular criminal case may have cause to determine that an attorney who is not licensed under chapter 1704 is not eligible to execute a bail bond or act as surety for the defendant under section 1704.163(a) because the attorney does not represent the defendant in the criminal case.

A bail bond board may determine that an attorney is ineligible to execute a bail bond under section 1704.163 if the attorney has engaged in conduct that would provide a basis for revoking or suspending the license of a licensed bondsman under section 1704.252 or section 1704.253. Because attorneys acting under the section 1704.163 exemption are not subject to chapter 1704's license and security requirements, a board may not disqualify such an attorney for conduct that violates a chapter 1704 provision or board rule relating to license and security requirements.

An attorney who is not licensed under chapter 1704 who executes a bail bond for a person who the attorney does not represent in the criminal case violates section 1704.151, which is a basis for license suspension or revocation under section 1704.252(1), and has therefore committed "conduct involved with that practice that would subject a bail bond surety to license suspension or revocation" under section 1704.163(b). Whether an attorney represented a defendant in a particular case at the time the attorney executed the bond will depend upon the facts and is a matter for the bail bond board to determine.

Whether an attorney has remedied a violation will depend upon the disqualifying conduct. A bail bond board is authorized to determine whether an attorney has remedied a violation.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee