Ex Parte C. R. Williams.

No. 14063. Delivered November 19, 1930.
Rehearing dismissed November 23, 1930.
Reported in 32 S. W. (2d) 839.

The opinion states the case.

*T. B. Ridgell* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This is an appeal from an order of the District Court made in a habeas corpus proceeding.

The appellant was indicted in three felony cases and one misdemeanor case. Bail was allowed in the sum of $1,000.00 in each of the felony cases and $500.00 in the misdemeanor case.

It is the appellant's position that his restraint is illegal in that he had presented to the sheriff who had him in custody sufficient appeal bonds in each of the cases and that the sheriff had arbitrarily and wrongfully refused to approve the bonds and release the accused. The district judge heard evidence upon the inquiry which is brought here for the information of this court. The bonds are signed by R. T. Beaman and J. R. Damron as sureties. Under oath Damron said that he owned property, subject to execution, of the value of $7,550.00 above all encumbrances and debts. Beaman made a like statement as to his property, fixing its value at $13,000.00. Attached to the bonds is the statement of the Sheriff of Potter County that he knew the sureties and that he would approve the bonds if presented to him. The District Judge of Potter County expressed the opinion that the bonds were such as should be approved. The sheriff of Randall County also added his indorsement to the adequacy of the bonds.

The Sheriff of Webb County testified that he was not satisfied with the sureties; that if he were, he would approve the bonds; that he did not know the sureties but had read the affidavits on the back of the bonds of the two sheriffs and the district judge. He further stated that the values placed upon the worth of their property were mere opinions; that he did not believe that there was sufficient evidence of the solvency of the sureties to justify him in approving the bonds. The bonds were dated October 29th and called for the appearance of the accused on the 8th of December. The sheriff said that if he satisfied himself as to the sureties, he would approve the bonds.

From Damron's testimony it appears that he was earning a salary of $175.00 per month and valued his property at $7550.00 which consisted of town lots and other property which was practically clear of indebtedness. He stated that he had signed thirteen bonds for the appellant, the exact amount of which he could not give but that some were for $750.00 and some for $1,000.00. Damron testified also that Beaman was a single man and owned a section of land. The witness did not claim to have seen the land, nor did he describe it otherwise than it was "beautiful land." He declared that such land could not be bought for less than $75.00 per acre, though Beaman valued it at $150.00 per acre. The land was in Randall County. Beaman had placed his net wealth at $13,000.00. It is not made to appear what value he placed upon his section of land in fixing his net wealth at the sum mentioned. If it was as low as $75.00 per acre, it implied that the 640-acre tract of land was heavily encumbered.

The statutes place upon the sheriff the duty of passing upon the solvency of the sureties and also declare that if he is not satisfied with the affidavits produced, he may require the production of other evidence. See Arts. 279–280, C. C. P., 1925.

Upon the record here, we are not prepared to say that in refusing to discharge the accused the learned trial court abused its discretion.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.

### ON MOTION TO WITHDRAW MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant has filed his affidavit wherein he requests that he be permitted to withdraw his motion for rehear-

ing. The request is granted, and the motion for rehearing dismissed.

*Rehearing dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.