## GREATHOUSE v. GILMARTIN.

### No. 14415.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 11, 1942.

Rehearing Denied Oct. 9, 1942.

McLeod A. Greathouse, of Fort Worth, for appellant.

R. E. Rouer, R. B. Young, Jr., and Langford Carlton, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellant brought this suit in the County Court at Law No. One of Tarrant County, seeking the issuance of a writ of mandamus to compel the judge of the corporation court of the City of Fort Worth to approve an appeal bond. His petition alleges that appellant was convicted and fined the sum of two dollars for an alleged violation of the city ordinance relating to the parking of automobiles, that he gave due notice of appeal, and that he tendered a good and proper appeal bond to the judge of the city court, but that the latter refused to accept and approve it. The petition, together with a trial amendment thereto, alleges in substance that the sureties were sufficient, and that the judge of the city court knew of his own knowledge that they were solvent and worth many times the amount of the bond, but that he stated to appellant that he was not satisfied as to the sufficiency of the sureties, and that he would continue to refuse to accept the bond until such time as the sureties would personally come before him and submit themselves to an examination under oath as to their solvency and worth. The petition also alleges that appellant pointed out to the city judge that the same sureties had theretofore been accepted on other bonds in that court.

The judge of the County Court at Law sustained exceptions directed to the sufficiency of the petition. Appellant declined

to amend, his suit was dismissed, and he has appealed to this court.

Appellant relies especially upon his allegations to the effect that the city judge knew of his own knowledge that the sureties were solvent and worth many times the amount of the bond, and contends that in view of such knowledge the approval of the bond became a ministerial act on the part of the city judge, and that his refusal to approve the bond was arbitrary and capricious.

Article 277 of the Code of Criminal Procedure provides that a judge or court taking bail shall require evidence of the sufficiency of the security offered. Article 279 provides for the execution by the sureties of an affidavit regarding their solvency and their property. Article 280 is as follows:

"Art. 280.—Such affidavit shall not be conclusive as to the sufficiency of the security; and, if the court or officer taking the recognizance or bail bond is not fully satisfied as to the sufficiency of the security offered, further evidence shall be required before approving the same."

For cases in which the courts have refused to issue writs of mandamus to compel the approval of bonds, see McIntosh v. Watts, Tex.Civ.App., 5 S.W.2d 1003; Anderson v. Cunningham, Tex.Civ.App., 88 S.W.2d 622; Ferrell v. Alexander, Tex. Civ.App., 96 S.W.2d 88; English v. Treaccar, Tex.Civ.App., 153 S.W.2d 539. See, also, the opinion of the Court of Criminal Appeals, in a habeas corpus proceeding involving the same general question, in Ex parte Williams, 116 Tex.Cr.R. 125, 32 S. W.2d 839.

Without repeating what is said in those cases, it may be said that they state the general rule to be that the law places upon the officer in question the duty of passing upon the security offered, and that no action may be had to compel him to approve a particular bond in the absence of a clear showing of an abuse of his official discretion. A doubtful showing is not enough.

Granted that the city judge knew that the sureties were solvent and worth many times the amount of the bond, as is alleged, we are not prepared to say that he abused his official discretion in requiring the sureties to appear before him for examination as to their worth and solvency. Article 280, quoted above, appears to authorize such a procedure. There may have been other factors influencing the situation, such, for instance, as is suggested by the allegation indicating that the same sureties had signed other bonds filed in the same court. The number and amounts of those bonds, and what actions, if any, may have been taken upon them, might have rendered the sureties insufficient on the bond tendered by appellant, even though they were worth more than the amount of appellant's bond. While a judge might commit an abuse of his official discretion in the manner in which he followed the procedure authorized by Article 280, we do not consider that plaintiff's pleadings show that respondent has done so in the present instance.

The judgment of the trial court is affirmed.