

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 2, 1998

The Honorable Richard J. Miller
Bell County Attorney
P.O. Box 1127
Belton, Texas 76513

The Honorable Bill Moore
Johnson County Attorney
2 North Main Street, First Floor Courthouse
Cleburne, Texas 76031

Opinion No. DM-483

Re: Whether a sheriff's authority to refuse to accept a bail bond executed by an attorney for a client the attorney represents in a criminal case is governed by article 2372p-3, V.T.C.S., or Code of Criminal Procedure articles 17.11, 17.13, and 17.14; whether a sheriff may require an attorney or bondsman to post collateral; and related questions (RQ-968, RQ-1100)

Dear Mr. Miller and Mr. Moore:

Mr. Miller asks a number of questions about the authority of a sheriff to refuse to accept a bail bond executed by an attorney in a county where the execution of bail bonds is governed by article 2372p-3, V.T.C.S. (the "act").[1] The crux of his query is whether a sheriff's authority to refuse to accept a bail bond executed by an attorney for a client the attorney represents in a criminal case is governed by article 2372p-3 or Code of Criminal Procedure articles 17.11, 17.13, and 17.14. For the reasons discussed below, we believe that each of these provisions is applicable.

The execution of bail bonds in Mr. Moore's county is not governed by article 2372p-3 but rather by the Code of Criminal Procedure.[2] Mr. Moore asks whether articles 17.11, 17.13, and 17.14 authorize a sheriff to require a bail bondsman or attorney who wishes to execute a bond to post real or personal property as collateral. As discussed below, we agree with his assessment that a sheriff is not authorized to do so. Because both opinion requests touch upon the authority of a sheriff under articles 17.11, 17.13, and 17.14, we address them together.

---

[1]Article 2372p-3 governs the execution of bail bonds in a county with a population in excess of 110,000. V.T.C.S. art. 2372p-3, § 3 ("The provisions of this Act apply only to the execution of bail bonds in counties having a population of more than 110,000 according to the last federal census or in counties of less than 110,000 where a board has been created."). Bell County has a population of 191,088. *See* U.S. Bureau of Census, U.S. Dep't of Commerce, 1990 Census of Population: Texas 1 (1990).

[2]Mr. Moore informs us that Johnson County has a population of less than 110,000 and that it has not exercised the option to establish a bail bond board. Therefore, article 2372p-3 does not apply to the execution of bail bonds in Johnson County. *See* V.T.C.S. art. 2372p-3, § 3.

We begin with Mr. Miller's questions, which first require us to sort out the relationship between article 2372p-3 and the Code of Criminal Procedure provisions with respect to an attorney who executes a bond for a client the attorney represents in a criminal case. Section 3 of article 2372p-3 provides that in a county governed by its provisions, no person may act as a bondsman except a person licensed under the act[3] by the county bail bond board or, if certain requirements are satisfied, an attorney.[4] Thus, an attorney who satisfies certain requirements is excepted from the general mandate that a person who executes bail bonds obtain a license from the county bail bond board. The requirements an attorney must satisfy to fall within the exception are set forth in section 3(e), which provides in pertinent part as follows:

> Persons licensed to practice law in this state may execute bail bonds or act as sureties for persons they actually represent in criminal cases without being licensed under this Act, but *they are prohibited from engaging in the practices made the basis for revocation of license under this Act and if found by the sheriff to have violated any term of this Act, may not qualify thereafter under the exception provided in this subsection unless and until they come into compliance* with those practices made the basis of revocation under this Act.

V.T.C.S. art. 2372p-3, § 3(e) (emphasis added). This exception applies only to an attorney who executes a bail bond for a client the attorney represents in a criminal case. Such an attorney is not wholly free from the requirements of article 2372p-3, however, because the exception only applies if the attorney has not engaged in "practices made the basis for revocation of license under this Act." *Id.* Significantly for our purposes, it is the sheriff who is authorized to make the determination that an attorney has engaged in disqualifying conduct. *See id.* ("if found by the sheriff to have violated").

Code of Criminal Procedure articles 17.11, 17.13, and 17.14 predate article 2372p-3, which was enacted in 1973.[5] Article 17.11 provides that an officer[6] taking a bail bond

> shall require evidence of the sufficiency of the security offered; but in every case, one surety shall be sufficient, if it be made to appear that such surety is

---

[3]*Id.* § 3(a)(1).

[4]*Id.* § 3(a)(2).

[5]The Code of Criminal Procedure provisions predate 1925 and were revised in 1965. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 376-77. Article 2372p-3 was enacted in 1973. *See* Act of May 18, 1973, 63d Leg., R.S., ch. 550, 1973 Tex. Gen. Laws 1520, 1520.

[6]For provisions governing when a peace officer may set and take bail, *see* Code of Crim. Proc. arts. 17.20 - .22; *see also Hokr v. State,* 545 S.W.2d 463 (Tex. Crim. App. 1977) (peace officer may set and take bail in misdemeanor case if magistrate not available). In answering these queries, we assume they ask only about situations in which the sheriff is authorized to take bail.

worth at least double the amount of the sum for which he is bound, exclusive of all property exempted by law from execution, and of debts or other encumbrances; and that he is a resident of this state, and has property therein liable to execution worth the sum for which he is bound.

Code Crim. Proc. art. 17.11, § 1. Article 17.13 authorizes an officer taking a bail bond to obtain an affidavit testing its sufficiency.[7] Under article 17.14, however, such an affidavit is not conclusive. That article authorizes the officer taking the bond to obtain additional evidence.[8]

Mr. Miller asks, in essence, whether the authority of a sheriff to refuse to accept a bail bond executed by an attorney for a client the attorney represents in a criminal case is governed by article 2372p-3 or Code of Criminal Procedure articles 17.11, 17.13, and 17.14. We believe that these provisions may be harmonized and that each applies: Article 2372p-3 governs the sheriff's determination whether an attorney is exempt from the act's licensing requirements. A sheriff's authority to determine the sufficiency of the security offered by an exempt attorney is governed by the Code of Criminal Procedure. Our reasons for this conclusion follow.

In *Minton v. Frank*, 545 S.W.2d 442 (Tex. 1976), two attorneys challenged a county sheriff's policy requiring attorneys to make a cash deposit or execute a deed of trust in order to execute bail bonds for clients. The requirements of the sheriff's policy were nearly identical to article 2372p-3 requirements applicable to licensees. The Texas Supreme Court concluded that attorneys were wholly exempt from the act's requirements for license applicants, including the act's bonding requirements. *Id.* at 445. The court also opined as follows:

> Attorneys are subject to article 2372p-3, to the extent that [it] prohibits them from engaging in the practices made the basis for revocation of a license under the Act, and provides that if they are found guilty of such

---

[7]Code of Criminal Procedure article 17.13 provides in pertinent part as follows:

> To test the sufficiency of the security offered to any bail bond, unless the court or officer taking the same is fully satisfied as to its sufficiency, the following oath shall be made in writing and subscribed by the sureties: "I, do swear that I am worth, in my own right, at least the sum of (here insert the amount in which the surety is bound), after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me; that I reside in . . . . . . . . . County, and have property in this State liable to execution worth said amount or more.

[8]Code of Criminal Procedure article 17.14 provides as follows:

> Such affidavit shall not be conclusive as to the sufficiency of the security; and if the court or officer taking the bail bond is not fully satisfied as to the sufficiency of the security offered, further evidence shall be required before approving the same.

> practices they may not thereafter claim the exemption for attorneys. . . . Article 17.11 of the Code of Criminal Procedure directs the officer taking a bail bond to require evidence of the sufficiency of the security offered. Section 14 of the Act gives the sheriff the sole responsibility of receiving and approving bail bonds. The trial court correctly held [that] petitioners are subject to the provisions of chapter 17 of the Code of Criminal Procedure which deals with the making and sufficiency of bail bonds.

*Id.* at 445-46.

Article 2372p-3 was significantly revised in 1981, several years after the supreme court's decision in *Minton*, to its present form. The attorney exemption in section 3 was moved from subsection (b) to subsection (e) and amended to state that attorneys are not exempt from licensure "if found by the sheriff to have violated any term of this Act" and to state that attorneys found to have violated a term of the act are not qualified for exemption "unless and until they come into compliance with those practices made the basis of revocation under this Act."[9] The legislature also added the following caveat to the attorney exemption:

> Notwithstanding any other provision of this subsection, no person licensed to practice law shall be relieved of liability on a bail bond he has executed for the sole reason that he has not been employed to represent the principal on the merits of the case if he has been paid a fee for the execution of the bail bond.[10]

In addition, the security requirements for licensees were increased in section 6, subsections (f) and (g), and the bases for revocation of a bail bond license were significantly expanded from eight to twelve in section 9(b).[11] Specifically, the act was amended to preclude a licensed bondsman from executing "bail bonds that in the aggregate exceed 10 times the value of the property held as security on deposit or in trust under Subsection (f)" in section 6(g)[12] and to add the following as basis for license revocation in section 9(b)(12): "[O]n more than one occasion failing to maintain the minimum amount of security required by this Act or misrepresenting to any official or employee of the official the limit supported by the amount of security to obtain the release of any person on

---

[9]V.T.C.S. art. 2372p-3, § 3(e), enacted by Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 876.

[10]*Id.*

[11]*Compare* V.T.C.S. art. 2372p-3 as excerpted in *Minton v. Frank*, 545 S.W.2d 442, 443-445 (Tex. 1976), *with* V.T.C.S. art. 2372p-3 as amended by Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 875.

[12]V.T.C.S. art. 2372p-3, § 6(g), enacted by Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 880.

bond."[13] In addition, the legislature deleted provisions authorizing a sheriff to question the sufficiency of a licensee's bond and added language in section 14 requiring a sheriff to accept a bail bond from a licensee.[14] This amendment effectively repealed a sheriff's authority under Code of Criminal Procedure article 17.14 to question the sufficiency of a licensee's security. *Font v. Carr*, 867 S.W.2d 873, 881-82 (Tex. App.--Houston [1st Dist.] 1993, writ dism'd w.o.j.).

Based on our review of the 1981 amendments to article 2372p-3, we see no indication that the legislature intended to make exempt attorneys subject to the act's security requirements or to strip sheriffs of their authority to question the sufficiency of exempt-attorney bail bonds. Because attorneys who execute bail bonds for clients are not subject to the act's licensing requirements, including the security requirements, we believe that the legislature did not intend for the section 9(b)(12) prohibition to apply to an exempt attorney. Furthermore, the limitation on a sheriff's authority to refuse bail bonds in section 14 applies only to the bonds of licensees. The 1981 amendments to section 3(e) indicate that the legislature intended sheriffs to continue to exert authority over bonds of exempt attorneys.[15]

This construction of the 1981 changes to the act is also supported by a 1988 opinion of this office concluding that bonds executed by exempt attorneys are not subject to regulation by a county bail bond board under article 2372p-3 but, rather, are subject to regulation by the sheriff (and, in some instances, another officer taking the bond)[16] under the Code of Criminal Procedure:

> [Attorneys] are exempt from obtaining a license and are not required to comply with the requirements imposed upon an applicant . . . . *Minton v. Frank*, 545 S.W.2d 442 (Tex. 1976). Licensed attorneys are subject to the act insofar as they are prohibited from engaging in practices made the basis for revocation of a license. The act expressly provides that this is a matter for the determination of the sheriff.
>
> Any officer "taking a bail bond shall require evidence of the sufficiency of the security offered." Article 17.11 Code of Criminal Procedure. In *Minton v. Frank* the court noted that bonds executed by attorneys are subject to this provision.

---

[13]V.T.C.S. art. 2372p-3, § 9(b)(12), enacted by Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 882.

[14]*See* V.T.C.S. art. 2372p-3, § 14, enacted by Act of May 29, 1981, 67th Leg., R.S., ch. 312, § 1, 1981 Tex. Gen. Laws 875, 884.

[15]We have reviewed the legislative history of the 1981 amendments. We found no indication that the legislature intended to make exempt attorneys subject to the act's security requirements or to strip sheriffs of their authority to question the sufficiency of exempt-attorney bail bonds.

[16]*See supra* note 6.

Attorney General Opinion JM-901 (1988) at 3. For these reasons, we conclude that the sufficiency of the security offered by an attorney who executes a bail bond for a client is governed by the Code of Criminal Procedure rather than sections 6(f), (g) and 9(b)(12) of article 2372p-3.[17]

Mr. Miller asks a series of related questions: "Under what situations, if any, does a sheriff have the discretion to refuse to accept a bail bond executed by an attorney . . . ? Is the authority of an attorney unfettered as to the total amount of bail bonds that he or she can execute . . .? [W]hat formula does the sheriff use to determine the total amount of bonds an attorney may execute? [W]hat legal discretion does the sheriff have and to what extent may he go to require verification of the attorney's worth for bail bond purposes?"[18]

A sheriff must refuse to accept a bail bond offered by an attorney on behalf of a client if the sheriff concludes that the attorney has "engag[ed] in practices made the basis for revocation of [a] license" under article 2372p-3.[19] A sheriff's authority with respect to the sufficiency of the security offered by an attorney exempt from licensure under article 2372p-3 is governed by articles 17.11, 17.13, and 17.14. Article 17.11 provides that "one surety shall be sufficient, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound." Article 17.13 authorizes a sheriff to obtain an affidavit regarding the sufficiency of security while article 17.14 authorizes a sheriff to require additional evidence if he or she is not satisfied with the affidavit. Courts have recognized that these provisions grant a sheriff broad discretion to determine whether security is sufficient,[20] provided that approval of a bail bond is not arbitrarily withheld.[21] We believe that a sheriff is authorized to take into account other bail bonds an attorney has executed in determining the attorney's worth under article 17.11.[22]

---

[17]Other revocation bases set forth in section 9(b) also appear to be premised on a bail bond board's authority to license and regulate licensees. *See, e.g.*, V.T.C.S. art. 2372p-3, § 9(b)(1), (2), (10), (11). Mr. Miller's query does not require us to address whether exempted attorneys are prohibited from engaging in the conduct set forth in these bases for license revocation and we refrain from resolving these questions in this opinion.

[18]We assume Mr. Miller asks about an attorney who seeks to execute a bail bond for a client the attorney represents in a criminal case. For a discussion of possible limitations on the authority of a sheriff to conclude that an attorney has written bail bonds for defendants the attorney does not represent and to preclude the attorney from doing so, *see Price v. Carpenter*, 758 F. Supp. 403, 406 (N.D. Tex. 1991).

[19]*But see supra* note 17.

[20]*See Ex parte Shirley*, 475 S.W.2d 929, 930 (Tex. Crim. App. 1972) (reviewing refusal of security for abuse of discretion); *Ex parte Williams*, 32 S.W.2d 839, 839-40 (Tex. Crim. App. 1930) (same).

[21]*See Ex parte Williams*, 67 S.W.2d 865, 867 (Tex. Crim. App. 1934) (officers may not arbitrarily decline to approve bail bonds).

[22]Under article 17.11, "debts or other encumbrances" are excluded from a surety's worth. In an article 17.13 affidavit, a surety attests to his worth "after the payment of all my debts of every description, whether individual or security debts, and after satisfying all encumbrances upon my property which are known to me." Case law appears to
(continued...)

We now turn to Mr. Moore's query. Again, article 2372p-3 is not applicable in his county. He asks, in essence, whether a sheriff is authorized under the Code of Criminal Procedure articles 17.11, 17.13, and 17.14 to require an attorney or bondsman[23] to post collateral. More specifically, he states that the sheriff "seeks to have the sureties convey (in trust or otherwise) real estate, certificates of deposit, or other collateral or financial instruments as security to be held by the County, Treasurers, or Sheriff." He also states that "[t]he attorney or bondsman would be able to write bonds for some multiple of the amount of the collateral or security. The sheriff would establish the formula or multiple which would determine the ... maximum liability per bond and for the total bonds upon which the surety could be liable."

As stated above, we believe that a sheriff is authorized to take into account other bail bonds a surety has executed in determining the surety's worth under article 17.11.[24] However, we agree with Mr. Moore's assessment that articles 17.11, 17.13, and 17.14 do not authorize a sheriff to require a surety to post collateral. Article 17.11 provides that a sheriff "shall require evidence of the sufficiency of the security offered." Article 17.13 authorizes a sheriff to require a surety to sign an affidavit "[t]o test the sufficiency of the security offered" and article 17.14 authorizes a sheriff to require "further evidence." These articles speak in terms of the evidence a sheriff may require in order to be satisfied with the sufficiency of security. We do not believe that the authority to obtain and evaluate evidence can be expanded to include the authority to require a surety to transfer property.

*Minton v. Frank*, 545 S.W.2d 442, supports this statutory construction. As noted above, in that case two attorneys challenged a sheriff's policy requiring attorneys to make a cash deposit or execute a deed of trust in order to execute bail bonds for clients. The Texas Supreme Court concluded that the sheriff's authority to question the sufficiency of the security offered by the attorneys was governed by the Code of Criminal Procedure rather than article 2372p-3 and affirmed the judgment of the trial court. *Id.* at 446. The trial court judgment had enjoined the sheriff from requiring the plaintiffs to pledge security, including deposits of money, stock certificates, certificates of deposit, deeds or deeds of trust, but "specifically require[d] compliance by the plaintiffs with the evidence of sufficiency of security provisions of Article 17.11." *Id.* at 443. Clearly, neither the trial

---

[22](...continued)
condone the consideration of other bonds in determining a surety's worth. *See, e.g., Ex parte Williams*, 67 S.W.2d at 866 (approving sheriff's refusal to accept bond where sheriff appears to have taken into account other bonds executed by surety); *Ex parte Williams*, 32 S.W.2d at 839-40 (same).

[23]We assume that Mr. Moore asks only about a sheriff's authority with respect to individual sureties. Questions about a sheriff's authority with respect to corporate sureties in a county not governed by article 2372p-3 would require us to review additional statutes. *See generally International Fidelity Ins. Co. v. Sheriff of Dallas County*, 476 S.W.2d 115 (Tex. Civ. App.--Beaumont 1972, writ ref'd n.r.e.) (sheriff lacks authority under Code of Criminal Procedure articles 17.11, 17.13, and 17.14 to question the solvency of a corporate surety authorized to do business in this state by the former State Board of Insurance).

[24]*See also supra* note 22.

court nor the Texas Supreme Court construed article 17.11 to authorize a sheriff to require a surety to post collateral.

## S U M M A R Y

Attorneys may execute bail bonds for persons they actually represent in criminal cases without being licensed under article 2372p-3. *See* V.T.C.S. art. 2372p-3, § 3(e). A sheriff must refuse to accept an attorney bail bond if the sheriff concludes that the attorney has "engag[ed] in the practices made the basis for revocation of [a] license" under article 2372p-3. *See id.* A sheriff's authority with respect to the sufficiency of the security offered by an attorney exempt from licensure under article 2372p-3 is governed by the Code of Criminal Procedure, articles 17.11, 17.13, and 17.14. Article 17.11 provides that "one surety shall be sufficient, if it be made to appear that such surety is worth at least double the amount of the sum for which he is bound." Articles 17.11, 17.13, and 17.14 grant a sheriff broad discretion to determine whether the security offered by an individual surety is sufficient, including the discretion to consider other bonds executed by the surety, but do not authorize a sheriff to require a surety to post collateral.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General